### EX PARTE FRENCH.

In ejectment, where A., B., and the other defendants were respectively in the separate possession of specific parcels of the land, judgment was rendered against them for the recovery thereof and costs of suit, and also against each for damages for withholding the parcel whereof he was in possession, which exceed in the aggregate $6,000. A writ of error was sued out by all the defendants. A. and B., to render it a *supersedeas* of the judgment against them, severally gave a bond, which was duly approved and accepted. The court below thereupon ordered that the proceedings on the judgment as to A. and B. be stayed, and that a writ of restitution and execution be issued against the remaining defendants. *Held*, that a *mandamus* directing that the judgment be carried into execution against all the defendants would not lie.

PETITION for a *mandamus* against the Circuit Court of the United States for the District of California.

Upon the showing made by French in his petition, it appears that he brought a suit in ejectment in the court below against Lincoln, O'Ness, Onesti, DeSilva, and others, to recover the possession of a large tract of land. On the trial the court found, among other things, that Lincoln was in the separate possession of a specific portion of the tract, and that O'Ness, Onesti, and DeSilva were in the possession of another portion. Judgment was rendered, Oct. 7, 1878, in favor of French against all the defendants jointly for the recovery of the entire tract and the costs of suit, amounting to $959.25; and against Lincoln

separately for $330, damages for withholding possession; and against O'Ness, Onesti, and DeSilva for $225, for like cause. Other separate judgments for damages were rendered against the other defendants, the aggregate of all the money judgments being $6,091.

On the 28th of October a writ of error from this court was sued out in the name of all the defendants, and the Circuit Court on the same day made the following order : —

"And now, on motion of the defendants' attorneys, it is ordered that the amount of the bond to stay the execution of the judgment in this case, as to the possession of the land found by the findings filed herein to be in the separate possession of the defendant Lincoln, and also as to the judgment against him for damages and costs, be and the same is hereby fixed at $3,000. And it is further ordered that the amount of the bond to stay the execution of the judgment as to the land found by the findings filed herein to be in the separate possession of the defendants O'Ness, Onesti, and DeSilva, and also to stay the execution of the judgment against them for costs and damages, be and the same is hereby fixed at $3,000."

On the following day separate bonds were filed by the defendants named in this order for the designated amounts, and conditioned as required by law for the stay of execution, which were approved and accepted in due form by the circuit judge, and on the 31st of October the following order was made by the Circuit Court : —

" A writ of error having been sued out and perfected by the defendants in said action, and defendant L. M. Lincoln having given the proper bond to operate as a *supersedeas* as to the judgment against him, and the defendants Onesti, O'Ness, and DeSilva having given a similar bond as to the judgment against them : ordered, that proceedings be stayed as to the moneys recovered against said Lincoln, and as to the sixty acres of land found by the court to be in his possession, as described in the findings in said cause ; and also that the proceedings be stayed as to the judgment for damages and costs against said O'Ness, Onesti, and DeSilva, and as to the land found to be in their possession, as described in the findings of the court in this cause ; and that a writ of restitution and

execution issue as to the remaining defendants, and the remainder of the land recovered in the action."

Afterwards, French applied to the clerk of the Circuit Court to issue execution against all the defendants, as well those who had filed *supersedeas* bonds as the others ; and this being refused, he moved the court to vacate its order of October 31, and direct the complete execution of the judgment. This also being refused, he now prays "·that a writ of *mandamus* issue from this court to the Circuit Court, . . . directing said Circuit Court to proceed and completely execute its said judgment, notwithstanding said writ of error and said orders of said Circuit Court."

*Mr. John Reynolds* for the petitioner.

Rule 29 of this court, following the requirements of sect. 1000 of the Revised Statutes, provides that in real actions the bond must be for an amount sufficient to secure the sum recovered, and "just damages for delay," and costs and interest.

In *Stafford* v. *Union Bank of Louisiana* (17 How. 275), this court held that, when the bond was not equal to the whole amount recovered, the writ did not operate as a *supersedeas*, and that a writ of *mandamus* would be awarded directing the Circuit Court to execute the judgment.

It is no answer to say that the judgment in question is in effect a separate one against each defendant, for the land in his possession, and for damages for his withholding the same ; for it is the writ of error which operates as a *supersedeas*, and coextensive with its operation must be the stay.

If the judgment be such that each defendant is, independently of the others, entitled to a stay, each must sue out his separate writ. The defendants, against whom several judgments have been entered, cannot join in the writ for the purpose of conferring jurisdiction on this court, and then sever for any other purpose. All of them may be required to join in order to make the jurisdictional amount; and the writ cannot be upheld by the joinder, and operate severally.

*Mr. Walter H. Smith, contra.*

In California each defendant in ejectment may answer severally, and each demand findings and a judgment upon his possession of a separate parcel of the demanded premises.

*Winans* v. *Christy*, 4 Cal. 70 ; *Anderson* v. *Parker*, 6 id. 200 ; *Curtis* v. *Sutter*, 15 id. 264 ; *Ellis* v. *Janes*, 26 id. 276 ; *Luse* v. *Clark*, 28 id. 35. It is clear, therefore, that the defendant against whom a separate judgment has been entered may stay proceedings without giving a bond rendering him responsible for the judgments against his co-defendants.

The amount of the bond and the sufficiency of the surety are matters of discretion in the judge below. An error committed in that regard is not ground for a *mandamus*. Rev. Stat., sect. 1000 ; *Jerome* v. *McCarter*, 21 Wall. 17. And a writ directing the execution of the judgment below will be refused, unless the record shows that on his part there has been mistake, misconduct, or omission of duty. *United States* v. *Trigg*, 11 Pet. 173. *Stafford* v. *Union Bank of Louisiana*, cited by counsel for the relator, is not applicable to this case.

Mr. Justice Waite stated the case and delivered the opinion of the court.

The argument in support of this petition is, that as when the judgment or decree is for the recovery of money not otherwise secured, the rule of this court (Rule 29) requires the bond for stay of execution to be for the whole amount of the judgment or decree; and as in this case the writ of error was sued out by all the defendants, and the aggregate of all the money judgments against them severally is more than $6,000, the bonds that have been executed are insufficient, and therefore no stay of execution has been lawfully perfected. The object of the rule, which was made to put into form the practice that had prevailed before its promulgation, is to secure the eventual payment or performance of the judgment or decree, the execution of which is stayed by the *supersedeas*, in case the appeal or writ of error is not prosecuted to effect. Here, although the writ of error has been sued out to obtain the reversal of the entire judgment, a stay of execution is sought only as to certain specified parts. The judgment is severable as between the defendants, and has actually been severed by the court below for the purposes of the stay of execution. We see no impropriety in this, as in legal effect the judgment as it stands is against each of the several defendants for the lands they

respectively occupy, and the damages they are respectively liable to pay. In this view of the case the bonds are sufficient in amount and form. So far as the money parts of the judgment are concerned, they are far in excess in each instance of the amount recovered against the several defendants who seek the stay; and as to the damages on account of the detention of the property, we decided in *Jerome* v. *McCarter* (21 Wall. 17) that the amount of the bond rested in the discretion of the judge or justice who signed the citation or allowed the *supersedeas*, and would not be reconsidered here.

It is said, however, that if the judgment is separate, so that each defendant is entitled to a stay independently of the others, each must sue out his separate writ of error. To this we do not agree. The writ and the *supersedeas* are two separate things, and the writ can be sustained without a *supersedeas*. All the defendants want the judgment reviewed, but a part only desire to have the execution against them stayed; and we see no reason why they may not all join in the writ, and separate when they ask for a stay. There is certainly no settled practice against it, and very strong reasons can be found in its favor. The whole question is one of practice and not of statutory law. " Good and sufficient security that the plaintiff in error or the appellant . . . shall answer all damages and costs," " if he fail to make his plea good," is all the statute (Rev. Stat. sect., 1000) requires; and the rules of practice are satisfied if the indemnity is commensurate with the damages that may follow from the stay which is effected. But if the writ is informal, the remedy is by motion to vacate the writ, and not by *mandamus* to have the judgment carried into execution.

*Petition denied.*