[No. 1552, May 6, 1913.]

THE STATE OF NEW MEXICO, ex rel. KATE MAY DIVELBISS, Relator, v. HERBERT F. RAYNOLDS, Judge of the Second Judicial District, etc., Respondent.

### SYLLABUS (BY THE COURT).

1. Mandamus will not lie to compel a district judge to sign and settle a bill of exceptions, where such bill was not tendered until after the return day of the appeal, as the trial judge is not authorized to settle a bill of exceptions tendered less than ten days before the return day.

### OPINION OF THE COURT.

ROBERTS, C. J.—This is an original proceeding in mandamus, instituted by the relator against the respondent, as judge of the Second Judicial District of the State of New Mexico, to compel said judge to settle and sign a bill of exceptions, in a certain cause theretofore heard in the District Court of Bernalillo County, by said judge, in which the court had entered judgment against the relator, from which judgment relator sought to appeal to this court. The prayer of the petition was that said judge be "commanded and directed to at once complete the record of the cause by certifying and signing some statement of the testimony of the material facts taken in said cause and that said statement of testimony be made a part of the transcript of the record to be delivered to the defendant to be filed in this court," etc. The evidence was not taken by a stenographer, and of course could only be made a part of the record by a bill of exceptions. The return to the alternative writ sets forth the following facts, which are admitted to be true:

The cause was decided and judgment entered on the 26th day of February, 1912. On the same day defendant sued out an appeal to the Supreme Court, which said appeal was, on said day, granted by the District Court. No supersedeas bond was given within the sixty days allowed by statute, nor was a cost bond filed within thirty

days as required by sec. 14 of chap. 57, S. L. 1907, such bond not being filed until the 14th day of October thereafter. No application was made to the court to extend the return day of the appeal or the time of settling and signing a bill of exceptions, nor was any action taken to have a bill of exceptions signed or the evidence adduced at said trial made a part of the record at any time prior to the 7th day of December, more than nine months after granting said appeal.

Upon the facts so set forth, the respondent alleged that he was without jurisdiction, and had no lawful right to sign, seal or settle a bill of exceptions or to make the evidence a part of the record by any certificate or otherwise.

By sec. 20, chap. 57, S. L. 1907, as amended by sec. 1, chap. 120, S. L. 1909, all appeals are returnable 130 days after such appeals are taken. The relator's appeal was sued out on the 26th day of February, 1912, and was therefore returnable on the 5th day of July thereafter. Sec. 21, chap. 57, supra, requires the appellant to file in the office of the clerk of the Supreme Court at least ten days before the return day of an appeal a transcript of the record and proceedings. Sec. 4, chap. 120, supra, provides for the granting of an extension of time to the appellant or plaintiff in error, for settling and signing the bills of exceptions, but requires an application for such extension to be made at least ten days prior to the return day. It appears from the return herein that no application for an extension of time for such purpose had been made by the relator, or granted by the court, and therefore, the sole question presented in this proceeding is the right of an appellant to require the trial judge to settle and sign a bill of exceptions, where such bill of exceptions is not presented to such judge at least ten days before the return day of the writ of error or appeal. In the case of Puritan Manufacturing Company v. Toti & Grady, 16 N. M. 1, the Territorial Supreme Court held that a trial judge was not authorized to settle a bill of exceptions tendered less than ten days before the return day, and certainly he would have no right so to do after the return the return day had expired. Therefore

the trial court properly refused to settle and sign the tendered bill of exceptions, and the writ will be denied, and it is so ordered.