## No. 11,279.

## KILKER *v*. HERRINGTON.

Decided June 22, 1925.

Proceeding under the forcible entry and detainer act. On motion to dismiss.

### *Motion Denied.*

1.  FORCIBLE ENTRY AND DETAINER—*Review—Bonds.* Under the forcible entry and detainer act the unsuccessful party may come to the Supreme Court on appeal or by writ of error. If by appeal, he must give the prescribed bonds; if on error and supersedeas is granted, bonds fixed by the court must be given if the judgment is stayed.

*Error to the County Court of the City and County of Denver, Hon. George A. Luxford, Judge.*

Mr. JOHN T. MALEY, for plaintiff in error.

Mr. JOHN P. JAMES, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN a special proceeding pending in the Denver county court based on subdivision 9 of section 6369, C. L. 1921, the forcible entry and detainer act, there was a judgment against the vendee occupant, to review which he sued out this writ of error and applied for a supersedeas. The vendor landlord counters wth a motion to dismiss the "appeal" for failure of plaintiff in error to file in the county court the two appeal bonds which by sections 6383 and 6388 are necessary to perfect an appeal to the Supreme Court in such proceedings. Plaintiff in error answers that the motion is misconceived as the case here is not on appeal

but on writ of error, and where the tenant elects to come up on error he is not required to file either of such bonds in the trial court. Defendant in error replies that though her application to dismiss is by her as defendant in error and is entitled, "motion to dismiss the appeal", she meant it to be a motion to dismiss the writ of error. So treating the application, we observe that "appeal" and "writ of error", so far as concerns the question of a review by this court of a judgment under this act, are not synonymous expressions. The unlawful detainer act gives both remedies. The unsuccessful tenant may come to the Supreme Court by appeal, if he so elects, in which event he must file in the trial court the two bonds prescribed by the sections mentioned, which, if given and approved, perfect the appeal and stay execution. He may also, at his option, sue out a writ of error in this court to review the judgment against him. If he chooses to come up by error, the right to the writ is not dependent upon a previous filing in the trial court of the prescribed bonds. He may prosecute the writ of error without giving any bond, but if he desires a stay of execution or nonenforcement of the judgment, he may apply in this court for a supersedeas. If this court grants it, it prescribes the bonds which he must file. The plaintiff in error here has applied for a supersedeas. Had counsel of the respective parties read or had in mind our decision in *Hewitt v. Landis,* 75 Colo. 277, 225 Pac. 842, which holds that a review of such a judgment may be had either by appeal or writ of error, probably defendant in error would not have filed her motion to dismiss and plaintiff in error would not have resorted to a writ of error on the supposition that thereby he could escape the giving of the two bonds. The Hewitt opinion in effect is that to stay enforcement, under either remedy, the same or similar bonds are necessary conditions precedent. In appeal cases the bonds must be filed and approved by the trial court; in writs of error the supreme court prescribes the bonds which are to be filed and approved by its clerk. When we pass upon the

pending application of plaintiff in error for a supersedeas, if we think it should be granted, the necessary bonds will be prescribed. This motion to dismiss the appeal will be denied and defendant in error will be given five days within which to file an answer to the brief of plaintiff in error on his application for a supersedeas, and plaintiff in error may reply thereto in three days.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.