## No. 11,404.

### BUCHHALTER, ET AL. *v.* SOLOMON.

Decided November 9, 1925.   Rehearing denied November 30, 1925.

Injunction to restrain the collection of a judgment. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1.  APPELLATE PRACTICE—*Supersedeas—Dismissal.* Motions to dismiss and strike application for supersedeas denied, where the only reasons advanced in support of the motions could only be urged as grounds for denying the application.

2.  PRINCIPAL AND SURETY—*Supersedeas Bond—Liability of Surety.* In an action on a supersedeas bond, the contention that the surety is relieved from liability on the bond because the judgment ought not to have been rendered against the principal, overruled.

3.  APPEAL AND ERROR—*Supersedeas—Bond.* A supersedeas writ may not be granted on an invalid bond.

4.  PRINCIPAL AND SURETY—*Constitutional Law—Due Process.* Section 428, Code '21, concerning judgments on supersedeas bonds, is not repugnant to the due process clause of the Constitution, as it provides for scire facias in such cases.

5.  CHARITIES—*Contracts—Bonds.* A charitable institution, such as that involved in the instant case, has the right to execute a supersedeas bond as principal.

6. Bond—*Supersedeas—Consideration.* The issuance of a writ of supersedeas is the consideration for the giving of a supersedeas bond.

7. Appeal and Error—*Supersedeas—Bond.* The contention that the Supreme Court has no power to require a supersedeas bond of a charitable institution not under the patronage or control of the state, under the provisions of section 430, Code '21, overruled.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN T. BOTTOM, Messrs. DAWSON & WRIGHT, for plaintiffs in error.

Mr. CHARLES ROSENBAUM, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS was a bill for an injunction against the collection of a judgment against plaintiffs in error upon a supersedeas bond given in *St. Mary's Academy, et al. v. Frank Solomon,* 77 Colo. 463 238 Pac. 22, q. v., and for other relief. The court denied a temporary injunction and sustained a demurrer to the complaint. Plaintiffs stood by the complaint and judgment went against them. They now move for a supersedeas and ask for final judgment on the motion.

The defendant in error moves to dismiss the application for supersedeas. The motion to dismiss must be denied because every reason which is stated therefor, if valid, is a reason for denying the supersedeas, but not for denying the plaintiffs in error a right to be heard in favor of it.

The defendant in error also moves to strike the application for supersedeas. This motion must be denied for the same reasons. Such motions should not be filed.

The complaint alleged in substance that the defendants in the case above cited were legally incapable of holding

property other than in trust and so could not be liable in tort; on the record in that case, however, that fact did not appear and so the judgment was affirmed.

The argument is that if we cannot collect of the principal we cannot of the surety. That argument presents two aspects: (1) That the fact that the judgment debtor has no property subject to execution relieves the surety. (2) That the fact that the judgment ought not to have been rendered against the principal relieves the surety. The first proposition is, of course, absurd and is not urged; the second, however, is equally if not so obviously absurd.

The argument is that, because, in *St. Mary's Academy v. Solomon, supra,* we said the judgment would have been reversed if it had been shown that the defendant had no power to hold property not in trust, and because it can now be shown that said defendant had no such power, it is inequitable to make the sureties pay the judgment which we affirmed.

But by the bond the sureties agreed to pay if the judgment was affirmed; it was affirmed; then they must pay. The only way they can get out of payment is to destroy the judgment. That that cannot be done by a court of chancery need not be said. The real argument of plaintiff in error is that the judgment ought not to have been affirmed, and it amounts to an argument on a rehearing.

To put the matter another way: Here is a valid judgment; if the judgment debtor had any property subject to execution it would be collected by levy; he has no such property, therefore it is collected of the sureties. It is true that the judgment would not have been affirmed if the facts in the record had been different. That is true in every case, but that does not make it inequitable to make the sureties pay; to say so would be to say that chancery may grant a new trial, take new evidence and give a different judgment in any case where additional evidence would have required a different judgment.

It is true that a surety is not liable if the principal is not, but we have held in this case that the principal is liable.

That liability cannot be abrogated by a court of equity, and while it stands the surety's liability stands. It is not true that no judgment could be rendered against the principals in the bond. To say so would be to deny them the right of supersedeas. We cannot say that a supersedeas may be granted on an invalid bond.

The judgment against the sureties is attacked on the ground that section 428, Code 1921, is unconstitutional for want of due process. There is no more want of process than in a cognovit; indeed, less so, since the surety is protected by scire facias, and such writ was issued in the present case. In entering into the bond the sureties agreed, in effect, to abide by the law permitting the entry of judgment.

Whether the sureties can have exoneration from the charitable institutions we do not decide until and unless that question comes before us. If they can it will be by virtue of the contract (bond), not the tort, and we cannot deny to the defendant corporations the right to enter into such a contract.

It is claimed there was no consideration for the contract of the sureties. The supersedeas was the consideration. The point is elementary. ·

It is claimed that the Code 1921, section 430, deprives this court of the power to require a supersedeas bond of a charitable institution such as the plaintiffs in error. We cannot agree to that proposition. The section is as follows: "* * * The state, the county commissioners of the various counties, cities, towns, and school districts, and all charitable, educational and reformatory institutions under the patronage or control of the state, and all public officers when suing or defending in their official capacities for the benefit of the public, shall, in all cases of writ of error from the supreme court, prosecute the same without giving bond."

We assume, but do not decide, that "writ of error" means or includes a supersedeas, but we cannot agree that the defendant corporations are in the control or patronage of

the state within the meaning of this section. If they are, all charitable corporations are, whether domestic or foreign. Surely the legislature never intended to permit supersedeas without bond to such. The present corporations are no more under the control of the state than is every corporation; neither, whatever the word patronage may mean, are they more under the patronage of the state than any other charitable corporation. We will not attempt to formulate a definition of the legislature's intention, but we suggest, by way of example, that the regents of the State University doubtless could, in a proper case, get a supersedeas without bond, but the University of Denver probably could not.

The judgment is affirmed.

MR. JUSTICE SHEAFOR not participating.