[No. 3562. May 27, 1930.]

YOUNG v. KIDDER.

[289 Pac. 69.]

See also 33 N. M. 654, 275 P. 98.

W. C. Whatley, of Las Cruces, for appellant.

W. A. Sutherland, of Las Cruces, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

Counsel for appellee has moved the court to dismiss the appeal in this case on the ground that no brief has been filed by appellant within the time allowed by our rules. He invokes section 11 of. Rule XV, which is as follows:

"Where the appellant or plaintiff in error fails to file his brief within the time required by . these rules, the court of its own motion, or upon motion of the adverse party, may dismiss . the appeal or writ of error, and such dismissal shall not be set aside except for good cause shown and upon application made within twenty days of date of such dismissal."

The foregoing is qualified by section 3 of Rule XIV, which is as follows:

"No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. No such motion will be entertained unless filed before the movent has filed his brief on the merits."

Appellee urges prejudice by reason of being delayed in the enforcement of his judgment because no

supersedeas bond has been executed and filed by appellant. Section 5 of Rule XIX provides that no bond for costs shall be required upon any appeal or writ of error. We are unable to see how appellee is prevented from enforcing his judgment by reason of the fact that no supersedeas bond has been made.

The transcript was filed on March 13 of this year, and while the appellee has not suffered a great delay in getting the cause at issue and ready for submission in this court, the motion to dismiss having been filed only fifteen days after the appellant's brief was due, still it is desirable that appeals should be prosecuted expeditiously as provided by the rules. Although our rules are liberal in the matter of extension of time within which to file briefs, appellant did not avail himself thereof.

 Counsel for appellant has submitted an affidavit setting forth that his appeal is meritorious and attempts to show good cause for his being in default. This consists of the allegations that he was busily engaged in the district court and a reliance upon the generosity of the opposing counsel to forego taking advantage of the default. This is not sufficient under the holding of this court in Hilliard v. Insurance Co., 17 N. M. 664, 132 P. 249; Norment v. Mandell, 19 N. M. 318, 142 P. 926; and other cases.

 As our rules now effective were formulated with a view of liberalizing the procedure in order that causes may be decided upon their merits when possible, we consider that in the interest of justice we may relieve from defaults upon such conditions as to the court may seem meet and proper.

If counsel for a litigant deems it to be to the interest of his client to take advantage of his adversary's default, he may do so. If he so elects, the labor and time required to file and prepare a motion to dismiss the appeal and a brief in support thereof are items for which he is ordinarily entitled to compensation to be paid by his client, whether he succeeds in his efforts or not. In case this court sees fit to exercise its discretion to permit a default to be cured when the excuses presented are not deemed to

be good cause therefor, it would seem that the litigant urging the default should be relieved in a measure at least from the payment of the compensation he is required to pay his attorney, for presenting the motion. With these principles in view, it is ordered that upon the payment by appellant to appellee of the sum of $50 as costs, appellant shall have ten days from this date within which to file his brief, whereupon appellee's motion will stand overruled; that upon the failure to file said brief within the time so allowed, the motion of appellee to dismiss the appeal will be sustained.

WATSON and CATRON, JJ., concur.

PARKER and SIMMS, JJ., did not participate.