No. 16,165.

MONKS *v.* HEMPHILL.
(203 P. [2d] 503)

Decided February 21, 1949.

Mr. WALTER H. ANDERSON, for plaintiff in error.

Mr. CLARENCE O. MOORE, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

ON motion of defendant in error to "dismiss the application for supersedeas, and to * * * issue remittitur," etc., for that, as said, plaintiff in error has not filed bond as required by our order.

It appears that January 12, 1949, plaintiff in error, proceeding in due course, filed the record and docketed the case on error, sought and obtained a writ of error in manner provided by our Rules of Civil Procedure, and simultaneously applied for supersedeas; that January 13, 1949, supersedeas was granted, conditioned that within ten days plaintiff in error shall file bond in the sum of fifteen hundred dollars; that plaintiff in error not only did not file such bond or any bond within the time fixed, but frankly confessed his inability to do so.

The motion of defendant in error, properly appraised, contemplates action only predicable on a motion to dismiss a writ of error. Otherwise stated, counsel has misconceived the office of a supersedeas. It is "merely an auxiliary process designed to supersede the

enforcement of the judgment of the court below brought up by a writ of error for rewiew." *Williams v. Bruffy,* 102 U.S. 248, 26 L. Ed. 135. "The writ [of error] and the *supersedeas,* are two separate things, and the writ can be sustained without a *supersedeas.*" *Ex parte French,* 100 U.S. 1, 25 L. Ed. 529. See, generally, 3 Am. Jur., p. 195, §§535, 536; 4 C.J.S., pp. 1108, 1109, §§625, 626. "Originally it was a writ directed to an officer commanding him to desist from enforcing the execution of another writ, which he was about to execute, or which might come into his hands. In modern times the term is often used synonymously with a stay of proceedings and is employed to designate the effect of an act or proceeding which of itself suspends the enforcement of a judgment." *Dulin v. Pacific W. & C. Co.,* 98 Cal. 304, 33 Pac. 123. "There can be no supersedeas where plaintiff in error announces he cannot furnish bond therefor." Par. 1 of syllabus, in *Riant Amusement Co. v. Bailey, Trustee,* 80 Colo. 65, 249 Pac. 7. See, "Functus Officio," 37 C.J.S., p. 1401; Rawle's Third Review, Bouvier's Law Dictionary, p. 1323.

What effect properly attends such failure? Logically, as seems clear, defendant in error here is at liberty to take usual steps to enforce collection of his judgment, precisely as if supersedeas had not been granted. "We are unable to see," said the Supreme Court of New Mexico, "how appellee is prevented from enforcing his judgment by reason of the fact that no supersedeas bond has been made." *Young v. Kidder,* 35 N. M. 20, 289 Pac. 69. On the other hand, and quite as logically, the failure of plaintiff in error to give bond does not work denial of his right to prosecute his writ of error in usual course.

Let the motion be denied. Time for filing abstract of record and briefs in order, proceeding according to familiar rules, shall commence to run from the day of the announcement of this opinion.