No. 17,691.

F. E. DICKERSON *v.* GLEN R. CARY AND GRACE CARY.
(285 P. [2d] 831)

Decided July 18, 1955.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, for plaintiff in error.

Mr. JOHN A. CROSS, Mr. ROBERT C. CHRISTENSEN, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFF in error, as plaintiff, on the 5th day of January, 1955, filed his complaint for judgment and fore-

closure of a deed of trust. January 25, following, defendants filed an answer and counterclaim.

On November 18, 1953, defendants executed their note in the sum of $9,375.36, secured by a deed of trust on real estate in Larimer county. The note was payable in installments of $1,000.00 or more beginning November 18, 1954, together with interest thereon at six per cent and containing an acceleration clause and provisions for attorney's fees. The first installment on the note was due November 18, 1954; however, prior to that date, and on September 13, 1954, defendants filed an action against plaintiff and his partner for damages, alleging failure to transfer and deliver to defendants three shares of stock in connection with the land purchase. That action originated in Larimer county, but by stipulation, was transferred to the district court in the City and County of Denver.

In their answer to the foreclosure action, as second and third defenses, defendants set up the matter generally pleaded in their separate action for damages. On motion to strike, the second and third defenses were by the court ordered stricken and defendants filed a motion for an injunction staying the foreclosure proceedings until a determination was had of the damage suit pending in the Denver courts. On insufficient showing, the trial court treated this motion as a motion for a stay of proceedings, and issued its order to that effect, staying the proceedings indefinitely, or until disposition of the damage suit, or further order of the court, without the requirement of any bond to meet contingencies that would obtain in the same if it was an injunction. This order was entered without a hearing and without any evidence other than the affidavit of one of the defendants to the effect that defendants would suffer irreparable damages. Over the objection of counsel for plaintiff, the court ordered a "stay of proceedings."

The complaint in foreclosure contained the usual request for the appointment of a receiver. The order

staying the proceedings, without evidence showing irreparable damage, carried with it a denial of the appointment of a receiver, because plaintiff was denied a hearing on the complaint to that end. The stay being for an indefinite time and dependent upon an event that might never occur is, in effect, a final determination, because the merits of plaintiff's complaint were determined without evidence or hearing. The order thus entered prevented plaintiff from enforcing and collecting an obligation admitted to be owing him, and in default, and its action was tantamount to a clear assumption by the court that defendants have a meritorious claim for damages against plaintiff, and that such claim is a defense to the action on the note, when in fact, the right to prosecute such defense ended when the court ordered such claim of defendant stricken from the pleadings.

Finally, but more important and all controlling in this case, when defendants, instead of seeking a rescission of the contract which formed the basis of the note and deed of trust, and elected to sue for damages, they acknowledged their liability on the note and irrevocably fixed their position. There seems to be no dispute whatever concerning the liability of defendants on the note given as balance of purchase money on the land, and secured by the deed of trust. If they were dissatisfied with their deal they had the alternative remedies of rescission or of damags for the breach; their action for damages is tantamount to an admission of the contract; and, in effect, constituted an irrevocable election to accept the transaction.

The two actions, namely, the one by plaintiff for foreclosure and receivership, and the other by defendants for damages based on fraud in connection with the purchase contract of the land, are wholly dissimilar. Insofar as the subject matter, the issues and the relief demanded are concerned, it follows that under the well-settled rule that the pendency of one action in order to be a ground for a stay of another action, the suits must

be identical to the end that the disposition in one would determine all the questions in the other. Consequently, the trial court's order sustaining defendant's motion for stay of proceedings was error and must be reversed. Plaintiff's partner, Morrissey, is an additional defendant in the damage suit, therefore there is lack of identity of parties in the two actions, and, of course, no identity of subject matter, one for damage and failure to deliver stock, and the other for foreclosure of a note and deed of trust. It follows that the issues could not be identical and the relief prayed for is of separate and distinct nature in each case.

It would appear from the face of the pleadings, that in this case the holder of a defaulted, secured, promissory note is denied the right to reduce his claim to judgment and foreclose his security or have a receiver appointed, because the makers of the note claim to have an unlitigated claim against the holder, which is a patent injustice and the action of the trial court must be termed arbitrary when it stopped plaintiff in his tracks and stayed the enforcement of his legal rights without any protection against injurious contingencies or effects.

Without further discussion, it clearly should be, and is, the determination of this Court, that the order of the trial judge staying the proceedings and the judgment thereon, must be, and is, reversed and the cause remanded with directions to set plaintiff's cause for immediate trial on the issues presented by the pleadings therein.