**Debra J. MUCK, Petitioner,**

v.

**ARAPAHOE COUNTY DISTRICT COURT and the Honorable Jack F. Smith, District Judge, Respondents.**

**No. 91SA176.**

Supreme Court of Colorado, En Banc.

July 9, 1991.

Sherman & Howard, P.C., William L. Hunnicutt, Denver, for petitioner.

Dianne E. Eret, First Asst. Atty. Gen., Denver, for respondents.

Brega & Winters, P.C., Charles F. Brega, Robert R. Dormer, Denver, for Dennis R. Muck.

Chief Justice ROVIRA delivered the Opinion of the Court.

In this original proceeding pursuant to C.A.R. 21, the petitioner Debra J. Muck seeks a writ of mandamus to compel the trial court to exercise its jurisdiction over two motions filed by Ms. Muck against her former husband Dennis R. Muck. In both motions—one for payment of family maintenance and child support and the other requesting that the court find Mr. Muck in contempt—the trial court ruled that "all matters" regarding the enforcement of orders requiring Mr. Muck to pay maintenance and support were stayed because of Mr. Muck's pending appeal challenging the validity of the maintenance and support orders. We issued a rule to show cause, and now make the rule absolute.

I

In July 1987, following the Mucks' divorce, a trial court not involved in this original proceeding entered an order requiring Mr. Muck to pay $1,200 a month in child support for each of his two children, and $1,500 a month for maintenance (hereinafter collectively "family support").[1]

In October 1989 Mr. Muck stopped paying family support and filed a motion to modify and reduce maintenance and child support. In November 1989 Ms. Muck moved for an issuance of a contempt citation against Mr. Muck for failure to pay family support totaling $5,100 by not making payments in 1989 on October 1, October 15, and November 1.[2]

In August 1990 the respondent district court after a hearing entered an order denying Mr. Muck's motion, finding that he "has failed to show that there has been a change of circumstances so substantial and continuous since the entry of the decree as to" warrant modification or reduction of the family-support order.[3] The court found Mr. Muck in contempt of court because

[he] had full knowledge of the order of maintenance and child support; [he] had on [October 1, October 15, and November 1], and at all times subsequent, the ability to pay the ordered maintenance and child support, and [he] willfully refused to make said payments.

The court then scheduled a hearing to permit Mr. Muck to show cause why he should not be punished by remedial or punitive order, and to give him an opportunity to comply with the family-support order.

On December 14, 1990, the court conducted another hearing and, adopting the August order's findings of fact and conclusions of law, ordered that Mr. Muck pay into the court's registry $5,100 plus eight percent interest from November 21, 1989, until December 14, 1990, or until such time the amount was paid, and that Mr. Muck be

---

**1.** The court of appeals subsequently affirmed the trial court's orders. *See In re Marriage of Muck,* No. 88CA690 (Colo.App. Apr. 6, 1989) (unpublished), *cert. denied* (1989).

**2.** Under the family-support payment plan, Mr. Muck was required to pay $1,200 in child support on October 1, October 15, and November 1, and he was required to pay $1,500 in maintenance for the month of October.

**3.** The court, however, modified the permanent orders requiring Mr. Muck to pay tuition to the private school the children were attending. The court ordered that Mr. Muck was no longer required to pay the tuition after the 1989–90 school year.

held in the county jail until he paid the amount. The court also awarded Ms. Muck attorney fees and costs totaling about $24,-000. Mr. Muck then filed with the court of appeals a notice of appeal, a motion to stay enforcement of the trial court's order without bond, and a motion for release from custody. The court of appeals ruled that the motions were denied "unless [Mr. Muck] posts a bond in the trial court in the amount of $10,200.00 with sureties or other security to be approved by the trial court."[4] Mr. Muck subsequently posted the bond.

On December 18, 1990, Mr. Muck filed another motion to modify the family-support order. On February 11, 1991, Ms. Muck moved to amend her original contempt motion to conform to the evidence, and a "renewed" motion for issuance of a contempt citation against Mr. Muck for family-support arrears accruing after November 1, 1989. Ms. Muck's motions were filed after the trial court ruled that Mr. Muck could only be held in contempt for nonpayment of family support due on the three dates listed in the original contempt motion, and that Ms. Muck would have to file another contempt motion to obtain payment for arrears accruing after November 1, 1989. On February 28, 1991, Mr. Muck moved to dismiss Ms. Muck's motions on the ground that the trial court lost jurisdiction over the "matters" addressed in Ms. Muck's motions because of his filing an appeal.

The trial court, in a note written on Ms. Muck's reply in support of the motions, ruled that "all matters [are] held in abeyance pending resolution of matters on appeal." The trial court similarly ruled, in a note written on Mr. Muck's motion to dismiss, that "all matters are stayed pending appeal." The court subsequently denied

Ms. Muck's motion to reconsider the court's rulings on the motions, and Ms. Muck initiated this mandamus action.

## II

The issue we first decide is whether the trial court properly "held in abeyance" or stayed "all matters" relative to the enforcement of the family-support order.[5]

C.R.C.P. 62(d) provides in relevant part:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay from the trial court subject to the exceptions contained in section (a) of this Rule.[6] The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

C.A.R. 8(a) provides in relevant part:

Application for a stay of the judgment or order of a trial court pending appeal, or for approval of a supersedeas bond ... must ordinarily be made in the first instance in the trial court. A motion for such relief may be made to the appellate court or to a judge or justice thereof, but the motion shall show that application to the trial court for the relief sought is not practicable, or that the trial court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the trial court for its action.... Reasonable notice of the motion shall be given to all parties.

 Although Colorado appellate courts have not directly addressed the requirements for obtaining a C.R.C.P. 62 stay

4. The court of appeals has not issued a decision on the merits of Mr. Muck's appeal.

5. It is not clear from the trial court's notes whether it issued a stay order, as the Mucks interpret the ruling, or merely construed the court of appeals' stay order as encompassing all questions relating to the enforcement of the family-support order. However, the attorney general's office, representing the district court, indicates in its brief that the court concluded that it was required to stay all matters concerning enforcement of the family-support order because Mr. Muck's appeal divested the court of jurisdiction over such issues.

6. C.R.C.P. 62(a) provides in part that an automatic fifteen-day stay applies to all judgments, except interlocutory or final judgments in injunction or receivership actions.

pending an appeal,[7] the language of C.R.C.P. 62 implies that a supersedeas bond is generally necessary to obtain a stay.[8] Moreover, C.R.C.P. 62(d)'s and C.A.R. 8(a)'s use of the term "supersedeas bond" strongly suggests that bond is required for an appellant to obtain a stay, since by definition the bond is "required of one who petitions to set aside a judgment or execution," *Black's Law Dictionary* 1289 (5th ed. 1979); *see generally Monks v. Hemphill,* 119 Colo. 378, 203 P.2d 503 (1949); *Buchhalter v. Soloman,* 78 Colo. 227, 241 P. 718 (1925), *appeal dismissed,* 273 U.S. 640–41, 47 S.Ct. 106, 71 L.Ed. 818 (1926).[9]

Moreover, we note that Colorado has a long history of requiring the filing of a bond as a condition for an order staying the execution of judgment. *See, e.g., Jackson v. People,* 151 Colo. 171, 176, 376 P.2d 991, 994 (1962) (quoting § 79–15–11(3), 8 C.R.S. (1960 Perm.Supp.)); *Zurich Ins. Co. v. Bonebrake,* 137 Colo. 37, 38–39, 320 P.2d 975, 976 (1958); *Monks,* 119 Colo. at 379–80, 203 P.2d at 503–04; *Kilker v. Herrington,* 77 Colo. 581, 582, 238 P. 41, 42 (1925); *see also Dickerson v. Cary,* 132 Colo. 144, 146, 285 P.2d 831, 832 (1955) (trial court incorrectly construed motion for injunction

7. Although the appellant in *Dependable Insurance Co. v. Automobile Warranty Corp.,* 797 P.2d 1308, 1310–11 (Colo.App.1990), argued that C.R.C.P. 62(d) "can be read to permit the granting of a stay without posting a bond," the court of appeals noted that the appellant "concedes that there is no precedent in Colorado indicating that a bond is not required." The court did not address the issue whether bond is required under C.R.C.P. 62(d), holding only that the trial court did not abuse its discretion under the facts of the case, "even if it is within the trial court's discretion to issue a stay order without requiring security."

8. We need not and do not determine under what circumstances a trial court may release an appellant from the general requirement of submitting a supersedeas bond, or the criteria for determining the amount of bond is sufficient for a particular appellant to post, before obtaining a stay under C.R.C.P. 62(d). We note only that C.R.C.P. 62(d) appears to give broad discretion to the trial court in determining the amount sufficient to protect the appellee's interest, represented by the appellee's judgment in the trial court.

9. Federal courts construing Federal Rule of Civil Procedure 62(d), which is almost identical to

as motion for stay of proceedings, and "issued its order to that effect, staying the proceedings indefinitely ... without the requirement of any bond to meet contingencies that would obtain the same if it was an injunction"). In *Monks,* this court explained that "the office of a supersedeas" is a process auxiliary to an appeal or writ of error:

> "Originally it was a writ directed to an officer commanding him to desist from enforcing the execution of another writ, which he was about to execute.... In modern times the term is often used synonymously with a stay of proceedings and is employed to designate the effect of an act or proceeding which of itself suspends the enforcement of a judgment. There can be no supersedeas where plaintiff in error announces he cannot furnish bond therefor."

119 Colo. at 380, 203 P.2d at 503 (citations omitted).

The requirement of a supersedeas bond serves an important role in protecting the appellee's interests in the judgment. As the United States Circuit Court for the District of Columbia has stated:

C.R.C.P. 62(d), have stated that requiring a supersedeas bond as a condition for staying execution on the judgment during the pendency of an appeal is the norm. *E.g., Pacific Reins. Management Corp. v. Ohio Reins. Corp.,* 935 F.2d 1019, 1027 (9th Cir.1991); *Miami Int'l Realty Co. v. Paynter,* 807 F.2d 871, 873 (10th Cir.1986); *Federal Prescription Serv., Inc. v. American Pharmaceutical Ass'n,* 636 F.2d 755, 760–61 (D.C.Cir. 1980); *Poplar Grove Planting & Refinery Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979); *Strama v. Peterson,* 537 F.Supp. 668, 670 (N.D.Ill.1982). Likewise, states that have adopted rules of civil procedure similar to C.R.C.P. 62(d) have held that a supersedeas bond is generally required before a stay is ordered pending appeal. *See, e.g., Dice v. Cameron,* 424 So.2d 173, 174 (Fla.Ct.App.1983) (citing Fla.R.App.P. 9.310(c)(2)); *McCulloch v. Jeakins,* 99 Nev. 122, 123, 659 P.2d 302, 303 (1983) (applying Nev.R.Civ.P. 62); *Salas v. Bolagh,* 106 N.M. 613, 616, 747 P.2d 259, 262 (Ct.App.1987) (construing and applying statute requiring supersedeas bond); *see also State v. Ralph Williams' N. W. Chrysler Plymouth, Inc.,* 87 Wash.2d 327, ——, 553 P.2d 442, 446 (1976) (no citation to rule requiring supersedeas bond), *appeal dismissed,* 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977).

Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable.

*Federal Prescription Serv., Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 760–61 (D.C.Cir.1980); *accord, e.g., Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir.1986); *see Dependable Ins. Co. v. Automobile Warranty Co.*, 797 P.2d 1308, 1310 (Colo.App.1990) ("an important purpose of a supersedeas bond is to protect the non-appealing party's rights during an appeal") (construing stay provision in Uniform Enforcement of Foreign Judgment Act as requiring supersedeas bond) (citing *Maxwell v. District Court*, 641 P.2d 931, 934 (Colo.1982)); *Salas v. Bolagh*, 106 N.M. 613, 615–16, 747 P.2d 259, 261–62 (1987) (purpose of supersedeas bond is to stay execution of final judgment, "thus guaranteeing appellee collection of the judgment should he win on appeal"); *cf. Kurek v. Kavanagh, Scully, Sudow, White & Frederick*, 50 Ill.App.3d 1033, 1040, 8 Ill.Dec. 805, 810, 365 N.E.2d 1191, 1196 (1977) (Illinois Supreme Court rule does not give automatic thirty-day stay of execution until supersedeas bond is filed or until time to appeal has expired; to interpret the rule otherwise would permit "unscrupulous judgment debtors to secret their assets and defeat the rights of a judgment creditor and defy the court's order"); *Dickerson*, 132 Colo. at 146, 285 P.2d at 832 (disapproving of trial court order "staying the proceedings indefinitely ... without the requirement of any bond to meet contingencies that would obtain the same if it was an injunction").

The language of C.R.C.P. 62 and C.A.R. 8(a), and the history of and rationale for the supersedeas bond, convince us that, in general, C.R.C.P. 62(d) continues the venerable tradition of requiring a supersedeas bond as a prerequisite for obtaining an order staying execution of the judgment.

■ In this case, although the district court apparently stayed all proceedings to enforce the family-support order, Mr. Muck and the respondent district court do not dispute that Mr. Muck filed no supersedeas bond with the trial court.[10] Under these circumstances, we conclude that the trial court erred in entering an order staying the proceedings. *Cf. Lay v. District Court*, 171 Colo. 472, 473, 468 P.2d 375, 375 (1970) (where no stay was entered in trial court, supreme court held, "A pending writ of error or an appeal does not automatically stay execution. The respondent judge erroneously indicated otherwise when he refused to enter orders in furtherance of execution."); *McCulloch v. Jeakins*, 99 Nev. 122, 123, 659 P.2d 302, 303 (1983) (in remanding to district court to consider question of stay pending appeal, court noted, "In the present case, ... there is no indication that the district court ever even inquired into appellants' financial ability to post a supersedeas bond, and the district court's order does not contain reasons why a bond was not required.").

### III

■ The respondent district court, through the attorney general's office, argues that, irrespective of the issue whether the enforcement proceedings were properly stayed, the trial court lost jurisdiction to consider issues concerning enforcement of the family-support order because of Mr. Muck's appeal of the trial court's December order. We disagree that the general rule concerning the effect of appeals on proceedings in the trial court prevented the

10. Nor, assuming that the trial court had the authority to waive the bond requirement, *see* note 8, *supra*, at 872, is there any evidence in the record that the trial court found Mr. Muck unable to post the supersedeas bond.

The only supersedeas bond Mr. Muck filed was with the court of appeals, which granted a stay only of the trial court's contempt order.

court in this case from enforcing the family-support order.

We have previously explained the roles of the appellate and trial courts during the pendency of appeals. The general principle is that "once an appeal is perfected jurisdiction over the case is transferred from the trial court to the appellate court for all essential purposes with regard to the substantive issues that are the subject of the appeal." *Molitor v. Anderson,* 795 P.2d 266, 268 (Colo.1990) (citing *Schnier v. District Court,* 696 P.2d 264, 267 (Colo. 1985)); *see id.* at 269 (citing cases). The filing of a notice of appeal generally divests the trial court of jurisdiction. *Schnier,* 696 P.2d at 267. Since a pending appeal does not automatically stay execution of the judgment, where a judgment is not stayed by a proper order or bond there is no impediment against proceedings in the trial court for the purpose of executing on the judgment. *Id.; accord, e.g., Lay v. District Court,* 171 Colo. 472, 473, 468 P.2d 375, 375 (1970). Moreover, motions to enforce a judgment, including contempt motions, may be made during the pendency of an appeal of the judgment where there has been no supersedeas or stay, so long as such "collateral" post-judgment proceedings do not challenge the propriety of the judgment itself. *See Molitor,* 795 P.2d at 268; *Schnier,* 696 P.2d at 267 (citing *England v. Colorado Agency Co.,* 145 Colo. 310, 313, 359 P.2d 1, 2 (1961)).

The question is thus whether by enforcing the family-support order the trial court challenges, or brings into doubt, the propriety of the orders being considered on appeal.

As Mr. Muck acknowledges in his notice of appeal, the trial court's August and December orders concerned only his request for modification of the family-support order, Ms. Muck's request for attorney fees, and Ms. Muck's contempt motion, which alleged that Mr. Muck failed to make family-support payments on October 1, October 15, and November 1, 1989. The notice of appeal states that Mr. Muck "appeals the trial court's order dated August 10, 1990 and December 14, 1990." Moreover, Mr. Muck's statement of the issues in his brief to the court of appeals concerns only the August and December orders.[11]

Although Mr. Muck's motion to modify the family-support order necessarily questioned the validity of all family-support payments—including the payments Ms. Muck alleged were due on October 1, October 15, and November 1, 1989—the appeal of the trial court's ruling denying the motion did not foreclose the trial court from exercising its jurisdiction to enforce the family-support order. Mr. Muck appealed the trial court ruling declining to modify the family-support order. Accordingly, by enforcing the family-support order the trial

---

11. Mr. Muck identified the following issues in his brief:

1. Whether a judgment refusing to modify child support and maintenance can stand if
 (a) The trial court makes no finding as to the payor's amount of income and sources of income; the needs and expenses of the children; the factors in C.R.S. § 14–10–14 for determination of maintenance; and other findings required by law.
 (b) The trial court refuses to recognize the requisite change of circumstances regarding maintenance and child support where the sources of the payor party's income determined at Permanent Orders have disappeared and have not been replaced.
2. Whether a conviction of contempt and a remedial sentence can stand if
 (a) The trial court does not determine ability to pay on the date of sentencing and otherwise does not follow the procedural safeguards required by Colorado law; and
 (b) The unrebutted evidence presented to the Court established that the sources of cash flow upon which the permanent orders were dependent are no longer in existence and have not been replaced.
3. Whether an award of attorney fees should be reversed where a contempt order underlying the fees cannot stand and where the trial court made no comparison of the actual financial resources of the parties.

The notice of appeal also proposed only issues relating to the August and December orders:

A. Whether the trial court erred in refusing to modify the maintenance and support orders?
B. Whether the trial court erred in awarding [Ms. Muck] her attorneys' fees and in finding the fees requested were reasonable and necessary.
C. The propriety of the contempt citation and the judgment of contempt against [Mr. Muck].

court would not be challenging or calling into question its ruling that a modification of the family-support order was not warranted. Moreover, Ms. Muck's request that the trial court enforce the family-support orders for the period after November 1, 1989, would not require the trial court to render a new decision about the propriety of the appealed ruling. Nor would the trial court's enforcement of the family-support order alter its ruling awarding attorney fees to Ms. Muck. Similarly, by enforcing the family-support order for the period after November 1, 1989, as Ms. Muck requested, the trial court would not be calling into question and would not risk altering the appealed ruling finding Mr. Muck in contempt of court for failing to pay the $5,100 amount that accrued on October 1, October 15, and November 1.

Under these circumstances, the trial court had jurisdiction to consider Ms. Muck's motions to enforce the family-support order for the period following November 1, 1989.

Accordingly, we make absolute the rule to show cause.