Barbara **JORDAN, Plaintiff–Appellee and Cross–Appellant,**

v.

**CITY OF AURORA and its Head Librarian in official capacity, Defendant–Appellant and Cross–Appellee,**

and

**GAB Business Services, Inc., Defendant and Cross–Appellee.**

No. 92CA1632.

Colorado Court of Appeals, Div. C.

Dec. 17, 1992.

Andrew T. Brake, P.C., Andrew T. Brake, Lee T. Judd, Brian L. Lewis, Denver, for plaintiff-appellee and cross-appellant.

Hemphill & Ballew, Charles W. Hemphill, Littleton, for defendant-appellant and cross-appellee.

Halaby, McCrea & Cross, Theodore S. Halaby, John T. Scherling, Denver, for defendant and cross-appellee.

PER CURIAM.

The City of Aurora has filed a motion seeking a stay without bond from the trial court judgment. We grant the motion.

Barbara Jordan initiated this proceeding for breach of the covenant of good faith and fair dealing against the City, which is self-insured for workers' compensation purposes. The trial court ruled in favor of Jordan and, upon the City's request for a stay pending appeal, granted the stay, but required the City to post a bond. The trial court reasoned that the City was not acting in a governmental capacity and, thus, was not entitled to the benefit of C.A.R. 8(c).

The City contends that the Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A), together with C.A.R. 8(c), specifically exempt the City as a governmental entity from having to post a bond. Jordan argues that C.A.R. 8(c) exempts only those governmental entities which are acting in their official capacity for the benefit of the public. We perceive

**1336**

no need to look beyond the language of C.A.R. 8(c) to resolve this issue.

C.A.R. 8(c) provides, in pertinent part:

The state, the county commissioners of the various counties, cities, towns, and school districts and all charitable, educational, and reformatory institutions under the patronage or control of the state and *all public officials when suing or defending in their official capacities for the benefit of the public* shall not be required to furnish bond. (Emphasis added)

The phrase "in their official capacities for the benefit of the public" qualifies only "officials," the only natural persons covered by the Rule. To apply the phrase to all the legal entities preceding "officials" would result in absurdity. *Cf. Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (Colo.1973).

Jordan's reliance on *Buchhalter v. Solomon*, 78 Colo. 227, 241 P. 718 (1925) is misplaced. There, under the predecessor to C.A.R. 8(c), the court held that a private charity was not under the patronage or control of the state and, therefore, was not entitled to the exemption from posting a bond. There is no inconsistency between that case and the result here. The phrase "under the patronage or control of the state" qualifies only the noun "institutions" referred to, just as the phrase "in their official capacities for the benefit of the public" qualifies only the noun "officials."

The motion for stay without bond is granted.