Sandra JEONG, individually and in her capacity as co-trustee of the Tony Jeong 1996 Irrevocable Family Trust; Leonard Jeong, individually and in his capacity as co-trustee of the Tony Jeong 1996 Irrevocable Family Trust Plaintiffs–Appellants,

and

Catherine Jeong; Jeffrey Jeong Plaintiffs

v.

MINNESOTA MUTUAL LIFE INSURANCE CO., Defendant–Appellee.

No. 01–15133.

D.C. No. CV 99–03891–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided Sept. 9, 2002.

Before HAWKINS and FISHER, Circuit Judges, and MOSKOWITZ,* District Judge.

MEMORANDUM**

Sandra and Leonard Jeong, as trustees of their father's trust, sued Minnesota Mu-

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

tual for breach of contract and breach of the implied covenant of good faith and fair dealing for denying their claims on their father's life insurance policy. The case was tried to a jury, which found for Minnesota Mutual. They appeal the judgment of the District Court for the Northern District of California and the order denying their Rule 59(a) motion for a new trial. Appellants challenge the trial court's ruling on the following grounds: 1) the special verdict was fatally inconsistent; 2) the district court abused its discretion in instructing the jury on the concealment defense; and 3) the district court erred in granting Minnesota Mutual's motion for judgment as a matter of law as to the claim for punitive damages. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The parties are familiar with the facts so we do not repeat them here.

### A. Inconsistent Jury Verdict

A district court's order denying a motion for a new trial is generally reviewed for abuse of discretion. *Magnussen v. YAK, Inc.*, 73 F.3d 245, 246 (9th Cir.1996). However, when the motion is based on "an alleged inconsistency in the jury verdict, the question is whether the verdict can be reconciled on any reasonable theory consistent with the evidence." *Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991). Verdict inconsistency is therefore a question of law subject to *de novo* review. *Norris v. Sysco Corp.*, 191 F.3d 1043, 1047 (9th Cir.1999); *Stone v. Millstein*, 804 F.2d 1434, 1437 (9th Cir.1986) (questions of law are reviewed *de novo*.)

■ Appellants argue that the jury's answers to the special verdict finding that Tony Jeong was guilty of concealment but not misrepresentation are fatally inconsistent and cannot support a valid judgment. We disagree.

The Supreme Court has held that a court, when confronted by seemingly inconsistent answers to the interrogatories of a special verdict, bears a duty under the Seventh Amendment to harmonize those answers whenever possible under a fair reading. *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 110, 119, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963). Accordingly:

> When faced with a claim that verdicts are inconsistent, the court must search for a reasonable way to read the verdicts as expressing a coherent view of the case, and must exhaust this effort before it is free to disregard the jury's verdict and remand the case for a new trial. The consistency of the jury verdicts must be considered in light of the judge's instructions to the jury.

*Toner v. Lederle Labs.*, 828 F.2d 510, 512 (9th Cir.1987) (citation omitted). The Seventh Amendment "right to a jury trial requires validation of verdicts if at all possible." *Pierce v. S. Pac. Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir.1987)(citing *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 353 (5th Cir.1980)).

The district court was correct in finding that the jury verdict was not fatally inconsistent and that no new trial was necessary. The jury verdict of concealment but not misrepresentation is consistent in light of the jury instructions given at trial. The district judge instructed the jury that a representation is false when it fails "to correspond with the information provided." The trial court defined concealment for the jury as the "[n]eglect to communicate that which a party knows, and ought to communicate." Because Tony Jeong merely signed the pre-printed Certificate of Good Health without listing any exceptions, the trial judge held that the jury could have found that Jeong did not *provide* any misinformation (constituting a misrepresen-

tation) but only omitted or concealed his recent change in health and the related visits to Dr. Seid.

We agree that a new trial was not warranted. The district court's interpretation of the allegedly inconsistent verdicts expresses a coherent view of the case. In light of the jury instructions, a reasonable jury could have found that Tony Jeong had concealed information but that he had not made a misrepresentation. Since the jury could have reasonably found that Jeong did not read the Certificate before signing it, they could have logically concluded that Minnesota Mutual failed to prove that he actually made a misrepresentation.

Therefore, the jury verdicts were not fatally inconsistent. The trial court's reconciliation of the alleged inconsistency between the two findings in the special verdict was consistent with it obligation under *Toner v. Lederle Labs.* to protect the right to trial by jury.

### B. Waiver of the Concealment Defense

We apply an abuse of discretion standard in reviewing a district court's decision to allow a party to amend its pleading pursuant to Federal Rule of Civil Procedure 15(b). *Galindo v. Stoody Co.,* 793 F.2d 1502, 1512–13 (9th Cir.1986).

An amendment of pleadings to conform to proof at trial is proper under Rule 15(b) unless it results in prejudice to one of the parties. *Id.* at 1513. Rule 15 reflects the liberal policy of favoring amendments of pleadings at any time. *Id.* at 1512. The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987).

 The trial judge did not abuse his discretion in deciding that there was no prejudice to the plaintiffs that would result from allowing Minnesota Mutual to amend

its answer to include a concealment defense. When dealing with a Rule 15(b) motion to amend to conform to the evidence, the relevant prejudice concerns the late amendment's effect on the opposing party's ability to respond and its conduct of the case, not whether the amendment led to an unfavorable verdict. *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001) (factors such as the need to reopen discovery, delay in the proceedings or additional litigation expense as a result of the amendment support a finding of prejudice.) Plaintiffs fail to show that they suffered any actual prejudice in the conduct of their litigation as a result of the amendment that allowed the concealment defense to go to the jury.

Furthermore, Minnesota Mutual's failure to mention concealment in the two denial letters and include concealment in its answer do not constitute clear and convincing evidence of the insurer's intentional waiver of this defense. *Waller v. Truck Ins. Exch. Inc.,* 11 Cal.4th 1, 44 Cal. Rptr.2d 370, 900 P.2d 619, 636 (1995) (the party claiming waiver must "prove it by clear and convincing evidence.") Denial of insurance coverage on one ground *does not* impliedly waive grounds not stated in a denial letter absent other evidence. *Id.* at 635; *State Farm Fire and Cas. Co. v. Jioras,* 24 Cal.App.4th 1619, 29 Cal. Rptr.2d 840, 845 n. 7 (Ct.App.1994). Although Minnesota Mutual did not include concealment in its answer, it did reference concealment in its summary judgment motion as well as include it in its proposed jury instructions. There is no clear and convincing evidence of Minnesota Mutual's intentional relinquishment of its right to assert the concealment defense.

### C. Judgment as a Matter of Law on Punitive Damages

Because we uphold the jury verdict finding material concealment, the insurance

policy in question is rescinded. Therefore, we need not reach the issue of whether the trial court correctly granted judgment as a matter of law on the issue of punitive damages.

For the reasons stated above, the judgment of the district court is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.