# IN THE SUPREME COURT OF THE STATE OF NEVADA

WEST COAST PAVING, INC.,
Appellant,
vs.
ENGINEERED STRUCTURES, INC.;
AND PETRO WEST, INC., A UTAH
CORPORATION,
Respondents.

No. 67877

FILED

JUL 28 2016


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment and an order denying a post-judgment motion for a new trial in a contract and tort action. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Smith's Food & Drug Centers, Inc. (Smith's) hired Engineered Structures, Inc., (ESI) as the general contractor for the development and construction of a gas station. ESI then hired subcontractors Petro West, Inc., (Petro West) and West Coast Paving, Inc., (West Coast) to perform various tasks associated with installing underground fuel tanks. During installation, one of the tanks was damaged. When ESI refused to compensate Petro West for the installation, Petro West filed a complaint against ESI and Smith's. ESI filed a counterclaim against Petro West. On March 2, 2012, Petro West filed a third-party complaint against West Coast for indemnity. The district court subsequently issued a scheduling order, setting a January 19, 2013, deadline for filing motions to amend pleadings or add parties. Beginning on June 10, 2013, the district court held a three-day bench trial. Following the close of evidence, ESI made an oral motion pursuant to NRCP 15(b) to amend its counterclaim to add West Coast as a counter-defendant. The district court granted ESI's

motion to amend, and issued a judgment holding West Coast partially liable. West Coast appeals.

West Coast argues that the district court abused its discretion in granting ESI's motion to amend its counterclaim to name West Coast as a counter-defendant because the motion disregarded the scheduling order deadlines pursuant to NRCP 16(b). We disagree. The district court acted within its ample discretion in granting West Coast's motion to amend because the amendment sought to align the pleadings with the issues adduced at trial. *See* NRCP 15(b) (providing that amendment "may be necessary to cause [the pleadings] to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment"); *see also State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 988, 103 P.3d 8, 19 (2004) (concluding that an order granting a motion to amend a pleading is reviewed for an abuse of discretion); *Cole v. Layrite Prods. Co.*, 439 F.2d 958, 961 (9th Cir. 1971) (interpreting the federal counterpart to NRCP 15(b), and stating that "[i]t is well settled that the amendment of pleadings to conform to proof under Rule 15(b) of the Federal Rules of Civil Procedure rests in the sound discretion of the trial court"); *Nelson v. Heer*, 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005) ("[F]ederal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules.").

West Coast argues that it was prejudiced by the amendment to the counterclaim. However, the parties addressed West Coast's participation in damaging the tanks during trial, and a West Coast employee testified to the same. *See Jeong v. Minn. Mut. Life Ins. Co.*, 46 Fed. Appx. 448, 450 (9th Cir. 2002) (providing that FRCP 15(b) amendment is proper unless it results in prejudice, and that when

considering prejudice, a court should evaluate "the opposing party's ability to respond and its conduct of the case, not whether the amendment led to an unfavorable verdict"); *see also Campbell v. Bd. of Trs. of Leland Stanford Junior Univ.*, 817 F.2d 499, 506 (9th Cir. 1987) (providing that FRCP 15(b) permits amendment unless the issues were "only inferentially suggested by incidental evidence in the record"). Therefore, West Coast was not unfairly prejudiced by the amendment.[1]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Connie J. Steinheimer, District Judge
       Madelyn Shipman, Settlement Judge
       Stephenson & Dickinson
       Erickson Thorpe & Swainston, Ltd.
       Clarkson Draper & Beckstrom, LLC
       Hoy Chrissinger Kimmel, PC
       Washoe District Court Clerk

---

[1]We have considered the parties' remaining arguments and conclude that they are without merit.