FEDERAL PRESCRIPTION
SERVICE, INC. et al.,

v.

AMERICAN PHARMACEUTICAL
ASSOCIATION, Appellant,

William S. Apple et al.

FEDERAL PRESCRIPTION SERVICE,
INC. et al., Appellants,

v.

AMERICAN PHARMACEUTICAL
ASSOCIATION et al.

Nos. 80–1359, 80–1368.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 24, 1980.

Geo. S. Leonard, Washington, D. C., was on appellee's motion to set aside unsecured stay on appeal.

Paul L. O'Brien and Michael H. McConihe, Washington, D. C., were on appellant's response to motion to set aside stay pending appeal.

Before ROBINSON, MacKINNON and MIKVA, Circuit Judges.

Opinion for the Court filed by Circuit Judge MacKINNON

MacKINNON, Circuit Judge.

After extensive pretrial proceedings in a suit by the Federal Prescription Service, Inc. (hereafter Federal) and several individual plaintiffs, charging violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, the case was tried to the district court without a jury. Thereafter the court entered extensive findings of fact and conclusions of law denying any damages to the individual plaintiffs and awarding trebled damages of $102,000 in favor of Federal and against the American Pharmaceutical Association (hereafter American). Judgment accordingly was entered on February 14, 1980. On April 18 the district court granted American's motion for stay pending appeal, stating:

> In view of the fact that *both* parties have appealed from the Judgment entered February 14, 1980, and that defendant has submitted financial statements demonstrating its continuing ability to satisfy the Judgment, no bond need be posted as security in this action.[1]

(Emphasis added.)

Federal has now moved this court:

  (a) to set aside the unsecured stay granted to the American Pharmaceutical

---

1. The Order of April 18, 1980 in its entirety provided:

  The Court has considered defendant's motion for stay pending appeal, plaintiff's opposition thereto, plaintiff's motion for costs and attorney's fees, and the entire record of this case.

  In view of the fact that both parties have appealed from the Judgment entered February 14, 1980, and that defendant has submitted financial statements demonstrating its continuing ability to satisfy the Judgment, no bond need be posted as security in this action. Further, because issues going to the merits of the Judgment will be raised by both parties on appeal, no action is appropriate at this time regarding plaintiff's motion for costs and attorney's fees. Accordingly it is hereby

  ORDERED that defendant's motion for stay pending appeal be, and the same hereby

Association by an order of the District Court,

(b) to dismiss the appeal for failure to file an appeal bond as required by Rule 7, F.R.A.P.,

(c) alternatively, to require the Association to file a supersedeas bond in an amount sufficient to protect Federal against consequential injury including its loss of market interest, together with a sum adequate to cover its attorneys fees and costs which were left unresolved by the District Court.

The grounds for this motion are that (i) the April 18, 1980 order of the District Court is contrary to Rule 62(d) of the Federal Rules of Civil Procedure, and (ii) under the rule against unsecured appeals and the conclusions summarized in the Court's order of February 14, 1980, the granting of such a stay constituted an abuse of judicial discretion.

These contentions are discussed in turn.[2]

is granted, with interest continuing to run from date of Judgment; and it is further ORDERED that action on plaintiff's motion for costs and attorney's fees is deferred pending the outcome of the appeals taken in this action.
April 18, 1980.
(Emphasis added.)

2. Federal's request that we dismiss the appeal for failure to file an appeal bond need not detain us long. Although former Fed.R.App.P. 7 ordinarily required appellants to post a $250 cost of appeal bond, see 389 U.S. 1075 (1968), the new Rule 7, effective August 1979, leaves the requirement of an appeal bond to the district court's discretion: "The district court *may* require an appellant to file a bond or provide other security ... to ensure payment of costs on appeal" (emphasis added). We cannot dismiss American's appeal for failure to post a bond the district court chose not to require. Moreover, we cannot say the district court abused its discretion in dispensing with an appeal bond requirement given that both parties were appealing and that appellant was highly solvent.

3. *Fidelity & Deposit Co. v. Davis*, 127 F.2d 780, 782 (4th Cir. 1942) (dictum) ("bond securing payment of money judgment must be given, if ... stay pending appeal is desired."); *Markowitz & Co. v. Toledo Metropolitan Housing Auth.*, 74 F.R.D. 550, 551 (N.D.Ohio 1977) ("Fed.R.Civ.P. 62(d) requires posting of a su-

## I. THE AUTHORITY OF THE DISTRICT COURT TO ORDER UNSECURED STAY OF MONEY JUDGMENT

■■■ Federal contends that a supersedeas bond is an indispensable prerequisite to a stay on appeal from a money judgment by virtue of Fed.R.Civ.P. 62(d). This rule provides:

*Stay Upon Appeal.* When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in [Rule 62(a), relating to injunctions and other specified forms of equitable relief]. The bond may be given at or after the time of filing the notice of appeal.... The stay is effective when the supersedeas bond is approved by the court.

Although some authorities tend to support Federal's position that a supersedeas bond is required,[3] we find more persuasive the contrary view—that Rule 62(d) only oper-

persedeas bond to stay execution of judgment. Only the United States is exempt from the bond requirement. Fed.R.Civ.P. 62(e)."); *Slade v. Dickinson*, 82 F.Supp. 416, 419 (W.D.Mich. 1949) ("Under ... Rules 62(d) and 73(d) ... a party appealing from a judgment ... can stay proceedings ... only by furnishing a supersedeas bond"; to issue unsecured stay would "disregard the Federal Rules of Civil Procedure."). *See Geddes v. United Financial Group*, 559 F.2d 557, 560–61 (9th Cir. 1977) (district court erred in staying executions of money judgment for one year without attempting to justify stays under any provision of Rule 62); *Gullet v. Gullet*, 174 F.2d 531, 533 (D.C. Cir.1949) (district court did not err in holding appellant-husband in contempt for failing to make court-ordered support payments where husband did not obtain stay on appeal by filing supersedeas bond); *Marcelletti & Son Constr. Co. v. Millcreek Township Sewer Auth.*, 313 F.Supp. 920, 928 (W.D.Pa.1970) (Rule 62 indicates policy against unsecured stays beyond time for filing motion for new trial); 11 C. Wright & A. Miller, Federal Practice & Procedure § 2905 at 329 ("[absent] stay obtained in accordance with Rule 62(d), the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment."); 7 Moore's Federal Practice ¶ 62.06 at 62–28 ("Under Rule 62(d), a party taking an appeal from a money judgment ... can stay proceedings to enforce that judgment pending appeal

ates to provide that an appellant in all cases may obtain a stay as a matter of right by filing a supersedeas bond, and does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate. Our view follows from an analysis of Rule 62(d) in conjunction with other relevant rules of federal procedure, and conforms to several authorities we consider to be persuasive: *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (court has discretion to require less than full supersedeas bond where judgment debtor presents adequate alternative assurances or where a full bond would mean undue financial burden and court can restrain judgment debtor's financial dealings to provide alternative form of security for judgment creditor); *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F.Supp. 501, 520–21 (E.D.Pa.1973) (where execution of $1.5 million judgment following defendants' inability to post full supersedeas bond would render them insolvent and eliminate their firm as competitor, court would issue stay on appeal upon conditions, *inter alia*, that defendants place stocks and cash in escrow and post security bond of $100,000); *Trans World Airlines v. Hughes*, 314 F.Supp. 94 (S.D.N.Y.1970) (approved in material part at 515 F.2d 173, 177–78 (2d Cir. 1975), *cert. denied*, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976)) (where posting bond to cover $161 million judgment was "not practicable," court would exercise "inherent power in extraordinary circumstances to provide for form and amount for a stay pending appeal" and

require a bond of only $75 million coupled with defendant's assurances that it would maintain a net worth treble the balance of the judgment); *see In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) ("Under Fed.R.Civ.P. 62(d), an appellant may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court. Since no bond was posted, the grant or denial of the stays was a matter strictly within the judge's discretion."); *Blackwelder v. Crooks*, 151 F.Supp. 26, 28 (D.D.C.1957) ("The necessary implication [of Rule 62(d)] is that without giving supersedeas bond or unless *otherwise ordered by the Court*, the order is not stayed, even though an appeal is pending." (emphasis added)); *Redding & Company v. Russwine Constr. Co.*, 417 F.2d 721, 727 (D.C.Cir.1969) ("a supersedeas bond undoubtedly may be appropriate in *normal* situations to protect an enforceable judgment" (emphasis added)).

Our only explicit guidance on the matter of supersedeas bonds appeared in former Fed.R.Civ.P. 73(d), 383 U.S. 1061–62 (1966), which provided that when an appellant entitled thereto desired a stay on appeal he could present to the court for its approval a supersedeas bond, fixed in an amount to satisfy the judgment in full, together with costs, interest, and damages for delay, in the event the appeal was dismissed or the judgment affirmed. The district court could, however, "fix[ ] a different amount or order[ ] security other than the bond" "after notice and hearing and for good cause shown." *Id.* at 1062.[4] Although Rule

---

only by furnishing a supersedeas bond."); *but see* 9 *id.* ¶ 208.06[1] at 8–18 (although Rule 62(d) "requires the giving of a supersedeas bond in some form," "it would [seem] that the court may stay execution of a judgment without requiring a bond [in absence of irreparable harm to appellee]").

**4.** Fed.R.Civ.P. 73(d) provided in full:

(d) Supersedeas Bond. Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full to-

gether with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, *unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.* When the judgment determines the

73 was among the rules abrogated and supplanted in 1968 by the Federal Rules of Appellate Procedure, *see* 389 U.S. at 1065–66, and although the appellate rule covering the subject matter of old Rule 73(d) (Fed.R. App.P. 8) does not repeat Rule 73(d)'s detail, the substance of Rule 73(d) retains vitality inasmuch as it had simply codified judicial practice. *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); 9 Moore's Federal Practice ¶ 208.05 at 8–14 (2d ed. 1980).

We find in both former Rule 73(d) and in its successor, Fed.R.App.P. 8, a recognition of the district court's discretionary power to stay execution of a money judgment without requiring bond. First, former Rule 73(d)'s recognition that the district court has power to reduce the amount of bond or accept substitute security logically includes a power to dispense with formal security altogether, upon a showing of sufficient cause. This reading of former Rule 73(d) is suggested by the analogous practice under Fed.R.Civ.P. 65(c) ("Injunctions"), which provides in pertinent part:

> (c) *Security.* No restraining order or preliminary injunction shall issue except upon the giving of security by the appellant, *in such sum as the court deems proper*, for the payment of such costs and damages as may be incurred ... by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the United States.... [Emphasis added.]

Courts interpreting this language have concluded the district court has power not only to set the amount of security but to dispense with any security requirement whatsoever where the restraint will do the defendant "no material damage," *Urbain v. Knapp Brothers Manufacturing Co.*, 217

F.2d 810, 816 (6th Cir. 1954), *cert. denied*, 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260 (1955), where there "has been no proof of likelihood of harm," *International Controls Corp. v. Vesco*, 490 F.2d 1334, 1356 (2d Cir. 1974) (citing *Ferguson v. Tabah*, 288 F.2d 665, 675 (2d Cir. 1961)), and where the applicant for equitable relief has "considerable assets and [is] ... able to respond in damages if [defendant] does suffer damages by reason of [a wrongful] injunction," *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 782–83 (10th Cir. 1964). Given the similarity between former Rule 73(d) and Rule 65(c), these holdings compel the conclusion that the district court, in staying execution of a money judgment, has a discretion with respect to requiring the posting of security that is analogous to the widely recognized discretion that a district court granting temporary injunctive relief has with respect to the security requirement of Rule 65(c). *See* 9 Moore's Federal Practice ¶ 208.06[1] at 8–18.

Federal argues that such a discretion is at odds with Rule 62(d) provision that "the appellant by giving a supersedeas bond may obtain a stay." We disagree. Beyond question, Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment *as a matter of right*. *American Manufacturers Mutual Insurance Co. v. American Broadcasting Paramount Theatres, Inc.*, 385 U.S. 931, 87 S.Ct. 1, 17 L.Ed.2d 37 (1966) (Harlan, J., Circuit Justice). But the Rule in no way necessarily implies that filing a bond is the *only* way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion.

A second reason to confine Rule 62(d) to stays obtained as a matter of right appears

---

disposition of the property in controversy as in real actions, replevin, actions to foreclose mortgages or when such property is in the custody of the marshal or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention

of the property, the costs of the action, costs on appeal, interest, and damages for delay. A separate supersedeas bond need not be given, unless otherwise ordered, when the appellant has already filed in the district court security including the event of appeal, except for the difference in amount if any. 383 U.S. 1061–62 (emphasis added).

when we read the rule with two other rules on the same general subject: Fed.R.App.P. 8 ("Stay or Injunction Pending Appeal") and Fed.R.Civ.P. 62(g) ("Power of Appellate Court not Limited"). Rule 8(b) provides:

> (b) *Stay May be Conditioned on Bond* .... Relief available in the court of appeals under this rule *may* be conditioned upon the filing of a bond or other appropriate security in the district court. [Emphasis added.]

And Rule 8(a) provides:

> Application for *a stay of the judgment* or order of a district court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal, *must ... be made in the first instance in the district court* [unless the application for the relief sought is "not practicable"]. [Emphasis added.][5]

Reading Rule 62(d) to make filing a supersedeas bond an indispensable prerequisite to a stay on appeal creates a potential conflict with the language of Rule 8(b), which implicitly recognizes the discretion of the appellate courts to issue stays not conditioned on bond. It would make little sense to require an appellant who could qualify for an unsecured stay from the appellate court to apply for it first in the district court, as Rule 8(a) requires, if Rule 62(d) made such an application an exercise in futility in every case by denying the district court the power to approve such a stay. That is, if the appellate court has power to issue an unsecured stay, as Rule 8(b) clearly implies, then the district court must have that power also, if Rule 8(a) is to make sense. Fed.R.Civ.P. 62(g) removes any doubt on this matter in favor of an interpretation that confines Rule 62(d)'s bond requirement to

stays obtained as a matter of right. Rule 62(g) provides:

> *Power of Appellate Court Not Limited.* The provisions in [Rule 62] *do not limit any power* of an appellate court or of a judge or justice thereof *to stay proceedings during the pendency of an appeal* or to suspend, modify, restore, or grant an injunction during the pendency of an appeal.... [Emphasis added.]

Even apart from the guidance provided by the language of former Rule 73(d) and by judicial interpretations of Rule 65(c), then, a reading of Rule 62(d) with other rules *in pari materia* convinces us that Rule 62(d) makes filing a supersedeas bond a condition precedent only if appellant seeks to obtain a stay as a matter of right; the Rule does not limit the district court's power to issue unsecured stays through an exercise of its sound discretion. Having concluded that the district court is authorized to issue an unsecured stay, we now consider whether the court abused its discretion in doing so here.

## II. PROPER EXERCISE OF DISCRETION

■ The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances,[6] such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly en-

---

5. The Committee Note accompanying Fed.R. App.P. 8 states: "No reason appears why all questions related to supersedeas or the bond for costs on appeal should not be presented in the first instance to the district court in the ordinary case." *See* 9 Moore's Federal Practice ¶ 208.01 at 8–6 (2d ed. 1980).

6. *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979); *Redding & Company v. Russwine Constr. Co.,* 417 F.2d 721, 727 (D.C.Cir. 1969).

danger the judgment creditor's interest in ultimate recovery.[7]

The elements of the situation here were as follows: (1) the damage award was $102,000, with action on the request for attorneys' fees and costs being deferred pending appeal because both parties had appealed on questions going to the merits (see note 1 *supra*); (2) the documented net worth of the judgment debtor was $4.8 million, about 47 times the amount of the damage award; (3) the judgment debtor was a long-time resident of the District of Columbia, and there was no indication it had any intent to leave. In light of these factors, we cannot say the district court abused its discretion in granting a stay on appeal without requiring a supersedeas bond.

The motion is denied.

*Order accordingly.*

---

**7.** *See* cases cited pp. 5–6 *supra* ; 9 Moore's Federal Practice ⁅ 208.06[1] at 8–18.