WILLIAM H. McCULLOCH AND PATRICIA McCUL-
LOCH, Appellants, v. RONALD W. JEAKINS,
Respondent.

No. 14379

March 1, 1983                                          659 P.2d 302

*G. C. Backus,* Reno, for Appellants.

*Durney, Guinan & Brennan,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of $5,889.42 against appellants. On October 27, 1982, appellants filed a motion in district court to stay execution of the money judgment pending their appeal to this court. Appellants requested that "no supersedeas bond be required for this stay based upon [their] uncontested record of payment of their just debts." On the following day, the district court granted appellants' motion, staying execution of the judgment without the posting of a supersedeas bond. Respondent was not given an opportunity to oppose appellants' motion in district court. Respondent now moves this court for an order requiring appellants to post a supersedeas bond or, alternatively, vacating the district court's stay order.

The purpose of a supersedeas bond is to protect the prevailing party from loss resulting from a stay of execution of the judgment. Thus, a supersedeas bond posted under NRCP 62[1] should usually be set in an amount that will permit full satisfaction of the judgment. A district court, in its discretion, may provide for a bond in a lesser amount, or may permit security other than a bond, *when unusual circumstances exist and so warrant.* 11 Wright & Miller, Federal Practice and Procedure § 2905, at 328 (1973). *See also* Fed. Presc. Serv. v. Am. Pharm. Ass'n, 636 F.2d 755 (D.C. Cir. 1980); Poplar Grove, Etc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189 (5th Cir. 1979). In the present case, however, there is no indication that the district court ever even inquired into appellants' financial ability to post a supersedeas bond, and the district court's order does not contain reasons why a bond was not required. Furthermore, we do not perceive a history of prompt payment as an "unusual circumstance" upon which a waiver of security is appropriate.

Accordingly, we remand this matter to the district court for the limited purpose of dealing with the question of the stay

---

[1]NRCP 62 provides in pertinent part:

(a) Execution or other proceedings to enforce a judgment may issue immediately upon the entry of the judgment, unless the court in its discretion and on such conditions for the security of the adverse party as are proper, otherwise directs.

. . . .

(d) When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is filed.

pending appeal. The district court shall promptly conduct a hearing to determine whether appellants are financially able to post a supersedeas bond pending appeal. In the event the district court, in its discretion, accepts a bond or other security in an amount less than the full judgment against appellant, the district court shall set forth specific and substantial reasons for so doing in an appropriate order.