OPINION
 

 By the Court, Hardesty, J.:
 

 Although we deny appellant’s stay motion, we take this opportunity to modify our previous opinion in
 
 McCulloch v.
 
 Jeakins
 
 [1]
 
 concerning the use of alternate security, in lieu of a supersedeas bond, to support a stay pending appeal. After entering judgment on a jury verdict for approximately $330,000, the district court granted a stay pending appeal, conditioned on the posting of a su-persedeas bond in the judgment amount. Appellant Judy Nelson moves this court for a stay pending appeal conditioned on alternate security, rather than a supersedeas bond. On September 21, 2005, we granted a temporary stay and indicated that an opinion setting forth our reasoning would follow. In this opinion, we retreat from
 
 McCulloch’s
 
 emphasis on “unusual circumstances”
 
 [2]
 
 and instead adopt the Seventh Circuit test for when alternate security may be appropriate.
 

 FACTS
 

 After purchasing a cabin on Mount Charleston from Nelson, respondent Scott Heer discovered that a water pipe had broken in the cabin before he bought it. He had tests conducted and then claimed that the cabin was contaminated with mold. Nelson had not lived in the cabin and denied liability. A jury found in Heer’s favor, and the district court entered judgment against Nelson for approximately $330,000 in damages, costs, attorney fees and prejudgment interest. The district court granted a stay pending appeal but conditioned the stay on the posting of a supersedeas bond in the judgment amount. The district court rejected Nelson’s request to provide security other than a bond by encumbering a parcel of her real property. Nelson claimed that the equity in the property exceeded the judgment amount.
 

 Nelson assertedly had difficulty obtaining a supersedeas bond. Heer promptly obtained a judgment lien on all of Nelson’s real property in Clark County, a total of six parcels (not including Nelson’s homesteaded residence), by recording the judgment in his favor. Also, Heer began to execute on the judgment by garnishing Nelson’s slot route operator income. According to Nelson, the garnishment threatens the viability of her businesses. Specifically, Nelson owns two small bars, and she asserts that the slot route income pays a significant portion of the bars’ expenses, including
 
 *834
 
 employees’ salaries, inventory and supplies. Additionally, Nelson claims, the bars’ income stream supports Nelson and her family. Nelson states that without this income, not only will several employees be out of work, but she will be unable to pay her other creditors and the mortgages on her real property. Nelson therefore filed the instant motion, asking that a stay pending appeal be conditioned on alternate security, rather than a supersedeas bond.
 
 [3]
 

 DISCUSSION
 

 NRCP 62(d) governs stays pending appeal and provides:
 

 (d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is filed.
 

 This rule is substantially based on its federal counterpart, FRCP 62(d). Most federal courts interpreting the rule generally recognize that FRCP 62(d) allows an appellant to obtain a stay pending appeal as of right upon the posting of a supersedeas bond for the full judgment amount, but that courts retain the inherent power to grant a stay in the absence of a full bond.
 
 [4]
 
 We have previously recognized that federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules.
 
 [5]
 

 Our primary opinion discussing security for a stay is
 
 McCulloch v. Jeakins.
 

 [6]
 

 In
 
 McCulloch,
 
 we adopted what was then the majority federal approach and held that “a supersedeas bond posted under NRCP 62 should usually be set in an amount that will permit full satisfaction of the judgment. [But a] district court, in its discretion, may provide for a bond in a lesser amount, or may permit security
 
 *835
 
 other than a bond,
 
 when unusual circumstances exist and so warrant.”
 

 [7]
 

 Nelson argues that the phrase “unusual circumstances” in
 
 Mc-Culloch
 
 is too restrictive. According to her, this language is outdated and few, if any courts still use such a rigid standard. We agree with Nelson and conclude that a more flexible and modern approach will better serve Nevada litigants and courts.
 

 The purpose of security for a stay pending appeal is to protect the judgment creditor’s ability to collect the judgment if it is affirmed by preserving the status quo and preventing prejudice to the creditor arising from the stay.
 
 [8]
 
 However, a supersedeas bond should not be the judgment debtor’s sole remedy, particularly where other appropriate, reliable alternatives exist. Thus, the focus is properly on what security will maintain the status quo and protect the judg
 
 *836
 
 ment creditor pending an appeal, not how “unusual” the circumstances of a given case may be.
 

 In reflecting on the purposes of security for a stay, the Seventh Circuit, in
 
 Dillon
 
 v.
 
 City of
 
 Chicago,
 
 [9]
 
 set forth five factors to consider in determining when a full supersedeas bond may be waived and/or alternate security substituted:
 

 (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant’s ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.
 
 [10]
 

 We conclude that this framework provides a useful analytical tool, and we adopt it for Nevada. Therefore, when confronted with a motion to reduce the bond amount or for alternate security, the district court should apply these factors. In considering the second factor, the district court should take into account the length of time that the case is likely to remain on appeal.
 

 Here, the district court’s order denying Nelson’s motion for alternate security contains no discussion. Thus, we cannot determine what standard the district court used. Also, Nelson’s motion to the district court proposed alternate security in the form of only one of her several parcels, which was encumbered by a first deed of trust. Thus, the district court has not had the opportunity to consider Nelson’s more recent proposals, which have been presented only to this court.
 

 NRAP 8(a) requires that an application for a stay pending appeal be made to the district court in the first instance. This requirement is grounded in the district court’s vastly greater familiarity with the facts and circumstances of the particular case. Additionally, the district court is better positioned to resolve any factual disputes concerning the adequacy of any proposed security, while this court is ill suited to such a task.
 
 [11]
 

 
 *837
 
 Accordingly, we deny Nelson’s motion, as the district court is in the best position to weigh the relevant considerations in determining whether alternate security is warranted. Nelson may, however, renew her motion for alternate security in lieu of a bond to the district court, which should consider her request under the principles discussed in this opinion.
 
 [12]
 

 Maupin and Gibbons, JJ., concur.
 

 [1]
 

 99 Nev. 122, 659 P.2d 302 (1983).
 

 [2]
 

 Id.
 
 at 123, 659 P.2d at 303.
 

 [3]
 

 Initially, Nelson asked to encumber one of her six parcels of real property in Clark County. We denied this motion in an unpublished order. Nelson then filed this “amended” motion asking that Heer’s judgment lien serve as security for a stay. Since we granted the temporary stay, Nelson filed yet another motion asking that funds held by Nevada Title Company serve as security.
 

 [4]
 

 See, for example,
 
 Fed. Presc. Serv. v. Am. Pharm. Ass’n,
 
 636 F.2d 755, 757-58 (D.C. Cir. 1980), and the cases cited therein. To the extent that
 
 State ex rel. PSC
 
 v.
 
 District Court,
 
 94 Nev. 42, 44-46, 574 P.2d 272, 273-74 (1978), implies otherwise, it is disavowed. PSC’s requirement that the State or a state agency file a motion for stay pending appeal is not in any way affected by this opinion, however.
 
 Id.
 
 at 45-46, 574 P.2d at 274.
 

 [5]
 

 Executive Mgmt.
 
 v.
 
 Ticor Title Ins. Co.,
 
 118 Nev. 46, 53, 38 P.3d 872, 876 (2002).
 

 [6]
 

 99 Nev. 122, 659 P.2d 302.
 

 [7]
 

 Id. at 123, 659 P.2d at 303 (footnote omitted). The cases cited in
 
 McCul-loch
 
 as support for the language quoted in the text indicate that “unusual” circumstances could include: (1) when the judgment debtor “objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal,”
 
 Poplar Grove, Etc.
 
 v.
 
 Bache Halsey Stuart, Inc.,
 
 600 F.2d 1189, 1191 (5th Cir. 1979); (2) when the judgment debtor’s “financial condition is such that the posting of a full bond would impose an undue financial burden,” id.; (3) when a full bond would impose an undue financial burden and the debtor’s financial dealings can be restrained to provide alternate security,
 
 Fed. Presc. Serv.,
 
 636 F.2d at 758 (citing
 
 Poplar Grove,
 
 600 F.2d at 1191); (4) when execution on the judgment would render the debtor insolvent and eliminate the debtor as the creditor’s competitor, and alternate security could be provided,
 
 id.
 
 (citing
 
 C. Albert Sauter Co. v. Richards S. Sauter Co.,
 
 368 F. Supp. 501, 520-21 (E.D. Pa. 1973)); (5) when posting the bond is “not practicable,” such as when the judgment amount is extremely large,
 
 id.
 
 (citing
 
 Trans World Airlines, Inc.
 
 v.
 
 Hughes,
 
 314 F. Supp. 94 (S.D.N.Y. 1970),
 
 aff’d in pert. part,
 
 515 F.2d 173, 177-78 (2d Cir. 1975)); and (6) when a stay will do the judgment creditor “no material damage” or no likelihood of harm from a stay has been shown,
 
 id.
 
 at 759 (quoting
 
 Urbain v. Knapp Brothers Manufacturing Company,
 
 217 F.2d 810, 816 (6th Cir. 1954) and citing
 
 International Controls Corp. v. Vesco,
 
 490 F.2d 1334, 1356 (2d Cir. 1974)). These examples illustrate that
 
 McCulloch’s
 
 standard may not be as restrictive as Nelson claims. On the other hand, the opinion’s emphasis on “when unusual circumstances exist and so warrant” implies that alternate security should be permitted only in rare instances.
 

 [8]
 

 See McCulloch,
 
 99 Nev. at 123, 659 P.2d at 303;
 
 see also Fed. Presc. Serv.,
 
 636 F.2d at 756;
 
 Poplar Grove,
 
 600 F.2d at 1190-91;
 
 Employers Ins. Co. v. American Liberty Ins.,
 
 495 So. 2d 1039, 1041 (Ala. 1986);
 
 Bruce Church, Inc.
 
 v.
 
 Superior Court,
 
 774 P.2d 818, 821 (Ariz. Ct. App. 1989);
 
 Ryder Truck Rental, Inc. v. Sutton,
 
 807 S.W.2d 909, 912 (Ark. 1991);
 
 Muck v. Arapahoe County Dist. Court,
 
 814 P.2d 869, 872-73 (Colo. 1991);
 
 Seventh Elect Church in Israel v. Rogers,
 
 660 P.2d 280, 289 (Wash. Ct. App. 1983).
 
 See generally
 
 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
 
 Federal Practice and Procedure
 
 § 2905, at 522 (1995); 5 Am. Jur. 2d
 
 Appellate Review
 
 § 441, at 181-82 (1993).
 

 [9]
 

 866 F.2d 902 (7th Cir. 1988).
 

 [10]
 

 Id.
 
 at 904-05 (citations and internal quotation marks omitted).
 

 [11]
 

 See Round Hill Gen. Imp. Dist.
 
 v.
 
 Newman,
 
 97 Nev. 601, 604, 637 P.2d 534, 536 (1981).
 

 [12]
 

 We deny Heer’s September 28, 2005 motion for reconsideration of our temporary stay and for sanctions, and we also deny Nelson’s October 11, 2005 motion for clarification and for contempt. We fiirther deny Nelson’s October 17, 2005 motion for approval of security as moot in light of this opinion. We vacate our temporary stay entered on September 21, 2005.