**NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

—————————————

Nos. 12-3456, 12-3457 and 12-4629

—————————————

IN RE: NUTELLA MARKETING AND SALES PRACTICES LITIGATION

*JANIS JOHNSON,

Appellant in case No. 12-3456

*(Pursuant to Rule 12(a), Fed. R. App. P. and Court Order dated 05/28/14)

IN RE: NUTELLA MARKETING AND SALES PRACTICES LITIGATION

*AGATHA BOCHENEK; *BRANDON GOODMAN; *EDWARD HAGELE,

Appellants in case No. 12-3457

*(Pursuant to Rule 12(a), Fed. R. App. P.)

IN RE: NUTELLA MARKETING AND SALES PRACTICES LITIGATION

*JANIS JOHNSON,

Appellant in case No. 12-4629

*(Pursuant to Fed. R. App. P. 12(a))

On Appeal from the United States District Court
for the District of  New Jersey
(District Court No.:  3-11-cv-01086)
District Court Judge:  Honorable Freda L. Wolfson

Submitted under Third Circuit LAR 34.1(a)
September 11, 2014

Before:  RENDELL, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed: September 29, 2014)

O P I N I O N

**RENDELL**, Circuit Judge:

Appellants Janis Johnson, Agatha Bochenek, Brandon Goodman, and Edward Hagele[1] appeal the District Court's approval of a class action settlement and related attorneys' fees award regarding allegedly deceptive marketing of Nutella chocolate-hazelnut spread.  Ms. Johnson also disputes the propriety of the appeal bond imposed by the District Court.  For the reasons set forth below, we will affirm.

---

[1] Sherri Johnson, Jenny Iriarte, Katie Sibley, Daniel Sibley, and Gary Sibley were also appellants in case numbers 12-3456 and 12-4629, along with Ms. Johnson.  Those appellants were dismissed on May 28, 2014, on their motion.  Ms. Johnson's briefs were also filed on behalf of appellant Clark Hampe in case numbers 12-3458 and 12-4424, which were consolidated with the above-captioned cases as of January 8, 2014.  Those two cases were dismissed on June 10, 2014, on Mr. Hampe's motion.

# I.  BACKGROUND

This matter stems from two cases, *Glover v. Ferrero USA, Inc.*, No. 11-1086 (D.N.J. filed Feb. 27, 2011), and *Kaczmarek v. Ferrero USA, Inc.*, No. 11-4353 (D.N.J. filed July 26, 2011), which were consolidated in the United States District Court for the District of New Jersey under the caption *In re Nutella Marketing and Sales Practices Litigation.*  In those cases, the plaintiffs asserted claims on behalf of a nationwide class that Ferrero USA, Inc. ("Ferrero") deceptively marketed, advertised, and sold the Nutella chocolate-hazelnut spread as a healthy and nutritious food but omitted that the nutritional value was derived from the other foods or drinks advertised along with Nutella, such as bread, fruit, or milk.  The claims were brought under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 to -20, breach of contract, breach of express and implied warranty, negligent misrepresentation, intentional misrepresentation, and injunctive and declaratory relief.

## A.  Settlement Agreement

The parties agreed to mediate the case in late 2011, which resulted in two settlements, a forty-nine-state settlement (the "Nationwide Settlement"), at issue here, and a separate settlement relevant to California class members.  Class Action Settlement Agreement ¶¶ 15, 27.  The District Court granted preliminary approval to the Nationwide Settlement on February 3, 2012.  On May 25, 2012, class counsel filed a motion for final approval of the Nationwide Settlement and for an award of attorneys' fees.

Under the terms of the settlement agreement, Ferrero agreed to pay $2.5 million (the "Cash Settlement Amount") for distribution to settlement class members who

3

submitted a valid claim form. Settlement class members could submit a claim for $4 per jar up to a maximum of $20, subject to potential deduction if the aggregate number of claims exceeded a certain amount. Class Action Settlement Agreement ¶¶ 43-48. Ferrero also agreed to injunctive provisions requiring it to remove certain advertising, as well as to change labeling, print and media advertising, and website content. *Id.* ¶¶ 39-42.

Furthermore, the settlement agreement included the following provisions with regard to class counsel's fee award:

> 50.    In addition to and separate from the Cash Settlement Amount, Ferrero shall neither object to nor challenge Class Counsel's application for a Fee Award, to be paid by Defendant or its insurance carrier, not to exceed Three Million Dollars ($3,000,00) in connection with the Injunctive Relief described above . . . (the "Injunctive Fee Award"). Class Counsel shall neither request nor accept from the Court an Injunctive Fee Award of fees and costs more than $3,000,000.
>
> . . . .
>
> 51.    In addition to an award associated with the Injunctive Relief obtained for Settlement Class Members, Class Counsel will apply on behalf of Class Counsel and other Plaintiffs' Counsel listed herein to the Court for a Fee Award from the Gross Settlement Fund of attorneys' fees not to exceed thirty percent (30%) and reimbursement of expenses (the "Cash Settlement Amount Fee Award"). Defendant shall neither object to nor challenge Class Counsel's application for a Cash Settlement Amount Fee Award that does not exceed thirty percent (30%) of the Gross Settlement Fund.

Class Action Settlement Agreement ¶¶ 50, 51 (SA046-047.)[2]

## B.  Objections to the Nationwide Settlement and Approval

Class members who filed objections to the Nationwide Settlement included Janis Johnson, Agatha Bochenek, Brandon Goodman, and Edward Hagele. Ms. Johnson filed a two-page objection urging that the notice plan was insufficient, the *cy pres* provision

---

[2] The prefix "SA" indicates Corrected Appendix Volume Two.

4

was improper, the injunctive relief was of no value, and the attorneys' fee request was excessive.

Agatha Bochenek, Brandon Goodman, and Edward Hagele ("Bochenek Appellants," collectively) objected that because Ferrero had agreed to pay up to $3 million in attorneys' fees, class counsel's fees should be paid by Ferrero, rather than splitting the source of the fees such that Ferrero would pay the portion of the fee award relating to the injunctive relief, while the remaining portion of the fees would be paid from the Gross Settlement Fund. The Bochenek Appellants also argued that notice under Rule 23(h) was insufficient and briefly stated that the injunctive relief had little effect.

On July 9, 2012, the District Court held a hearing for final approval of the Nationwide Settlement, during which the District Court overruled the objections, approved the Nationwide Settlement, and awarded class counsel a fee of $625,000 (25% of the common fund), plus $500,000 for the injunctive relief provided in the settlement agreement. The District Court entered a Final Approval Order and Judgment on July 31, 2012.[3]

## C. Appeal Bond

The plaintiffs filed a motion requesting that the appealing objectors be required to post a bond of $42,500 pursuant to Federal Rule of Appellate Procedure 7. The District Court granted this motion in part on November 20, 2012, and ordered the appealing objectors to post a bond for $22,500. The District Court reduced the amount of the bond from $40,000, or two years' worth of administrative expenses during the pendency of the

---

[3] Ms. Johnson and the Bochenek Appellants filed notices of appeal on August 29, 2012.

appeal, to one year's worth of administrative expenses, or $20,000, plus $2,500 for briefing expenses.[4]

Ms. Johnson filed a motion for reconsideration of the bond order on December 17, 2012. That motion was denied by the District Court on June 6, 2013 as untimely and because Ms. Johnson did not indicate that she was unable to afford the bond.

## II. DISCUSSION

Appellants raise the following issues on appeal:

1. The Bochenek Appellants raise two issues: (1) whether the District Court abused its direction by "returning $1.5 million dollars of the class-owned attorneys' fee to the Defendant," and (2) whether the District Court abused its discretion by "reducing the class'[s] monetary fund by $625,000 to pay attorneys' fees the Defendant has agreed to pay (but the Court returned to Defendant)." Bochenek Appellants Br. at 2.

2. Janis Johnson raises two issues: (1) whether the District Court abused its discretion in awarding attorneys' fees to class counsel; and (2) whether the bond imposed by the District Court was excessive or whether the District Court violated the Federal Rules of Appellate Procedure in imposing that bond.

We will review these issues in two parts: one related to the propriety of the attorneys' fee award, and one related to the appeal bond. We have jurisdiction over this appeal pursuant to the final order doctrine of 28 U.S.C. § 1291.

---

[4] Ms. Johnson filed her notice of appeal on December 27, 2012.

## A. Attorneys' Fees Award

We review a district court's decision to certify a class and approve a settlement under the abuse of discretion standard. *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 175 (3d Cir. 2013); *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 341 (3d Cir. 2010). "An abuse of discretion may be found where the 'district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.'" *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527 (3d Cir. 2004) (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 783 (3d Cir. 1995)). "Whether an incorrect legal standard has been used is an issue of law to be reviewed *de novo*." *Rodriguez v. Nat'l City Bank*, 726 F.3d 372, 377 (3d Cir. 2013) (quoting *Marcus v. BMW of N. Am., LLC,* 687 F.3d 583, 590 (3d Cir. 2012)).

We also review a district court's award of attorneys' fees for abuse of discretion. *In re Diet Drugs Prod. Liab. Litig.,* 582 F.3d 524, 538 (3d Cir. 2009); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 299 (3d Cir. 1998). An abuse of discretion may occur if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous. "[A] thorough judicial review of fee applications is required for all class action settlements." *In re Rite Aid Corp. Sec. Litig.,* 396 F.3d 294, 299 (3d Cir. 2005) (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d at 333).

### 1. Bochenek Appellants

In the District Court, the Bochenek Appellants argued that class counsel's fee award should not be paid from the class fund. On appeal, the Bochenek Appellants again raise the argument that the District Court abused its discretion by awarding a portion of class counsel's fee from the class fund. Class Action Settlement Agreement ¶ 51. The remaining portion of the fee award related to the injunctive relief obtained by class counsel was to be paid directly by Ferrero. *Id.* ¶ 50. The very cases cited by the Bochenek Appellants demonstrate that the portion of the payment derived from the class fund is permissible.

The Supreme Court has recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). There is a distinction between attorneys' fees that are considered a statutory fee and those that are a common fund fee. Under the common fund doctrine the plaintiff class as a whole, rather than the defendant, bears the burden of attorneys' fees. *Id.* This Court has also approved an award of fees from the common fund when a case has settled, because in the event of a settlement, any basis for a statutory fee has been discharged, and only the fund remains. *Id.* at 246 (citing *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 583 (3d Cir. 1984)). Accordingly, the District Court did not abuse its discretion in approving the settlement agreement where a portion of the class counsel fee award was to be paid from the class fund.

8

Second, the Bochenek Appellants argue that the portion of the $3 million that was not paid to class counsel, but that Ferrero allotted toward the class counsel fee related to the injunctive relief, should be "returned" to the class fund. This argument totally mischaracterizes the relevant provisions of the settlement agreement. Ferrero agreed to pay up to $3 million in attorneys' fees with regard to the injunctive relief; however, none of that $3 million was to be paid from the funds Ferrero provided for the class fund. Class Action Settlement Agreement ¶¶ 50, 51. Moreover, this argument was not raised before the District Court.[5] "[A]rguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." *In re Diet Drugs Prod. Liab. Litig.*, 706 F.3d 217, 226 (3d Cir. 2013) (quoting *Tri-M Grp., L.L.C. v. Sharp,* 638 F.3d 406, 416 (3d Cir. 2011)). Accordingly, this argument is waived.

## 2. Janis Johnson

The plaintiffs challenge Ms. Johnson's standing to appeal the injunctive relief attorneys' fee award because that portion of the fee award is paid by Ferrero and so does not affect the class's recovery. This argument is meritless because, as we have previously held, an appellant has standing to appeal an attorneys' fee award, even if that portion of the fee award does not reduce the class's recovery. *See In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 728 (3d Cir. 2001).

---

[5] The only other argument raised by the Bochenek Appellants in their objections before the District Court was that the fee request did not comply with Rule 23(h), which has not been raised as an issue on appeal.

Instead of challenging the source of the attorneys' fee award, Ms. Johnson disputes the amount of the fee award attributable to the injunctive relief obtained by class counsel. She argues that the injunctive relief provided in the settlement agreement is worthless, so class counsel should not be paid $500,000 for their efforts in obtaining that relief on behalf of the class.

The settlement agreement provided that Ferrero would not object to class counsel's application for a fee award, not to exceed $3 million. Class Action Settlement Agreement ¶ 50. The District Court decreased the requested $3 million fee request related to the injunctive relief by more than 80% to $500,000, after specifically acknowledging Ms. Johnson's objections.

The District Court rejected plaintiffs' counsel's attempt to value the injunction in terms of the cost to the defendant, and, instead, focused on the value of the injunction to the class. The District Court correctly relied on the value of the injunctive relief to the class in determining the appropriate attorneys' fees related to the injunctive relief. *See* Fed. R. Civ. P. 23(h), 2003 advisory committee note ("Settlements involving nonmonetary provisions for class members also deserve careful scrutiny to ensure that these provisions have actual value to the class."); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d at 336 n.116 (discussing that the "relevant inquiry . . . focuses a court's attention on the benefits actually received and caused by plaintiffs, [and] will determine not only the often evident threshold question of eligibility for fees, but it will also be critical in determining the amount of a reasonable fee award, in that the final award must depend on a full assessment of the extent of the benefits

10

received by plaintiffs"); *see also McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448, 478 (D.N.J. 2008) (discussing the appropriate method of valuing injunctive relief for purposes of determining class counsel's fee with regard to a common fund).

The District Court concluded that the class did receive some value from the injunctive relief provided for in the settlement agreement, although class counsel had overvalued that relief. The District Court acknowledged that Ferrero agreed to change its label, to stop airing potentially misleading advertisements, and to provide more information on the product's sugar and fat content. Furthermore, to the extent anyone was deceived by the earlier marketing efforts, the District Court concluded that there is less chance that deception will occur as a result of the injunction. Lastly, the class received some benefit from the injunctive relief because the relief goes to the harms alleged in the plaintiffs' complaints and the plaintiffs' goals of preventing future harm and fraud. The District Court's conclusion that the marketing changes, as sought in the plaintiffs' complaint, were of some limited value to the class is not clearly erroneous.

For purposes of approving the settlement, an exact figure is not required to evaluate the settlement's non-monetary benefits. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 962 F. Supp. 450, 540-41 (D.N.J. 1997) (declining to place a specific value on either the "best possible recovery for plaintiffs in the aggregate" or the settlement's value to the class, because each class member's "recovery exceeds the value of the best possible recovery discounted by the risks of litigation"), *aff'd sub nom. In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d at 322, 346. Given that the parties agreed that the defendant would not object to a fee award up to $3 million

associated with the injunctive relief, and given the District Court's findings that the injunctive relief was of some limited value to the class, it was not an abuse of discretion for the District Court to have awarded $500,000, or less than 20% of the original $3 million requested, as fees for the injunctive relief.

## B. Appeal Bond

Ms. Johnson is the sole appellant to present arguments on appeal regarding the bond imposed by the District Court.[6] We review the imposition of an appeal bond under Federal Rule of Appellate Procedure 7 for abuse of discretion. *See* Fed. R. App. P. 7, 1979 advisory committee note ("The amended rule would leave the question of the need for a bond for costs and its amount in the discretion of the court."); *Adsani v. Miller*, 139 F.3d 67, 71, 79 (2d Cir. 1998); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 757 n.2 (D.C. Cir. 1980); *see also* 16A Charles Alan Wright et al., Federal Practice and Procedure § 3953 (4th ed. 2008).

Federal Rule of Appellate Procedure 7 authorizes a district court to order an appellant to post a bond covering the costs of appeal: "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Such a bond is often termed a "cost bond" or an "appeal bond." *Adsani*, 139 F.3d at 70 n.2. According to 28 U.S.C. § 1920 and Federal Rule of Appellate Procedure 39(e), an appeal bond may

---

[6] The Bochenek Appellants appealed the imposition of the appeal bond in case number 12-4577, but that appeal was dismissed for failure to pay the filing fee. The Bochenek Appellants now contest the imposition of the appeal bond in their opposition to the appellees' motion to dismiss the appeal; however, because that motion is being denied, we do not address those arguments here.

include the costs of preparation of and transmission of the record, the costs of obtaining any necessary transcripts, printing costs and other copying costs, premiums or costs for supersedeas bonds or other bonds to secure rights pending appeal, and fees for filing the notice of appeal.

First, the District Court did not abuse its discretion in imposing an appeal bond on the objectors. The District Court reasoned that an appeal bond was appropriate here because (1) the objectors did not respond in a meaningful way to the plaintiffs' contentions that their appeals were meritless; and (2) the objectors, who were a geographically diverse group, did not provide any representations that they were able to pay the costs of an appeal. For example, two groups of objectors both included the wrong amount of the requested bond in their briefing; those briefs represented that the requested bond was for $160,000, rather than $42,500. The District Court concluded, "[m]oreover, the unresponsiveness of the Objectors' briefs in the present motion, coupled with the fact that the Objectors appear to be objectors who repeatedly raise objections in class actions around the country, further suggest that their appeal in this case is meritless." Letter Order (CA21.)[7] Given the fact that the objectors were nonresponsive in their briefing objecting to the imposition of the appeal bond, and because the bond was placed collectively on the ten objectors rather than individually, we cannot conclude that the District Court abused its discretion in requiring an appeal bond here.

Second, the District Court's imposition of a bond of $22,500 was not an abuse of discretion. The plaintiffs requested an appeal bond of $42,500, where the plaintiffs

---

[7] The prefix "CA" indicates Corrected Appendix Volume One.

estimated their costs at $2,500 and an additional $40,000 of expenses in administering the settlement fund over a two-year period. The District Court determined, over the Bochenek Appellants' objection, that administrative costs could be secured by a Rule 7 bond. We do not find that determination to be in error. Furthermore, the District Court decreased the $40,000 request by half, to $20,000 in administrative costs, in order to limit the amount of administrative costs related to the settlement fund to a one-year period. Accordingly, the District Court's imposition of an appeal bond of $22,500 in this case, collectively on all ten appealing objectors, was not an abuse of discretion.

### III.  CONCLUSION

Accordingly, for the reasons set forth above, we will affirm the judgment of the District Court.