**130 Nev., Advance Opinion 89**
IN THE SUPREME COURT OF THE STATE OF NEVADA

JOE VALDEZ, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,
Appellant,
vs.
COX COMMUNICATIONS LAS VEGAS,
INC.; AND VIDEO INTERNET PHONE
INSTALLS, INC.,
Respondents.

No. 65383

FILED

NOV 06 2014



Motion to dismiss in part, for lack of jurisdiction, an appeal from a district court order in an unpaid wage action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

*Motion granted; appeal dismissed in part.*

Leon Greenberg Professional Corporation and Leon M. Greenberg and Dana Sniegocki, Las Vegas,
for Appellant.

Duane Morris LLP and Ryan A. Loosvelt, Las Vegas; Chamberlain Hrdicka and Annette A. Idalski, Atlanta, Georgia,
for Respondent Cox Communications Las Vegas, Inc.

Littler Mendelson, P.C., and Rick D. Roskelley, Montgomery Y. Paek, and Kathryn B. Blakey, Las Vegas,
for Respondent Video Internet Phone Installs, Inc.

BEFORE HARDESTY, DOUGLAS and CHERRY, JJ.

*OPINION*

PER CURIAM:

Appellant Joe Valdez filed the underlying action against four defendants. Ultimately, the claims against respondent Video Internet Phone Installs, Inc. (VIPI), were severed from the rest of the claims and thereafter resolved. Instead of appealing from the order resolving the severed claims against VIPI, however, Valdez waited to appeal from the order finally resolving the unsevered claims before challenging interlocutory orders regarding VIPI. We issue this opinion to clarify that one must take an appeal from an order finally resolving severed claims, even if the unsevered claims remain pending.

*FACTS AND PROCEDURAL HISTORY*

Valdez filed a class action against VIPI; Cox Communications Las Vegas, Inc.; Quality Communications, Inc.; and Sierra Communications Services, Inc., alleging failure to pay wages in accordance with Nevada law and the federal Fair Labor Standards Act. After the action was removed to federal court and the claims against Quality Communications were resolved, the state law claims against the remaining three defendants were remanded to Nevada state court.

The claims against VIPI were severed in April 2013 and thereafter resolved in an October 18, 2013, order. The notice of entry of that order was served on November 18, 2013. Valdez did not file a notice of appeal from the October 2013 order. Instead, Valdez appealed from the district court's March 4, 2014, order approving the class action settlement between Valdez and Sierra Communications, which finally resolved the

remaining claims and dismissed the complaint with prejudice. While Valdez does not challenge the March 2014 order in his appeal, he challenges three interlocutory orders, two of which involve VIPI and one of which involves Cox Communications.

VIPI filed a motion to dismiss the appeal as to it, arguing that Valdez could not challenge the interlocutory orders regarding VIPI because Valdez had failed to timely appeal from the October 2013 order, which finally resolved all the severed claims against VIPI.[1] Valdez filed an opposition to that motion and VIPI filed a reply. In his opposition, Valdez contends that he could not appeal from the October 2013 order because it was never certified as final under NRCP 54(b).

## DISCUSSION

Under NRCP 21, when a claim against a party is severed, that claim proceeds separately from the unsevered claims. Federal courts, recognizing that claims severed under FRCP 21 "'may be . . . proceeded with separately,'" treat severed claims as a separate suit, and when a judgment has been entered resolving claims properly severed, it is final and appealable, despite the existence of other pending, unsevered claims. *See Acevedo-Garcia v. Monroig*, 351 F.3d 547, 559 (1st Cir. 2003) (quoting former FRCP 21 and explaining that an order resolving properly severed claims is final despite any unresolved, unsevered claims); *United States v. O'Neil*, 709 F.2d 361, 368-69 (5th Cir. 1983) (same); *Spencer, White & Prentis Inc. of Conn. v. Pfizer Inc.*, 498 F.2d 358, 361 (2d Cir. 1974) (same).

---

[1]VIPI also requested sanctions against Valdez; because the jurisdictional issues presented in this appeal are complicated, we deny that request.

As NRCP 21 parallels FRCP 21, we conclude likewise that a judgment resolving claims properly severed under NRCP 21, Nevada's equivalent to FRCP 21, is appealable. *See Nelson v. Heer*, 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005) (recognizing that "federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules").

Further, an order finally resolving severed claims does not need to be certified as final under NRCP 54(b) before a party may appeal from it because once the claims are severed, two separate actions exist. *See Acevedo-Garcia*, 351 F.3d at 559-60 (explaining that severance creates two separate actions in part so that parties may pursue separate appeals); *see also* NRAP 3A(b)(1) (providing that this court has jurisdiction to consider an appeal from a final judgment). And all interlocutory orders regarding the party whose claims are severed, entered before the severance order, may then be challenged on appeal from the order finally resolving the severed claims. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (explaining that this court may hear a challenge to interlocutory orders on appeal from the final judgment).

Because Valdez failed to timely appeal from the October 2013 order resolving the severed claims against VIPI, *see* NRAP 4(a)(1) (requiring an appellant to file a notice of appeal within 30 days of the written notice of entry of the judgment), Valdez cannot now challenge the orders regarding VIPI in an appeal from the March 2014 order. Thus, we conclude that we lack jurisdiction to consider this appeal against VIPI, and we grant VIPI's motion to dismiss this appeal as to it. As it appears, however, that the March 2014 order constitutes the final judgment

regarding the unsevered claims in this case, this appeal may proceed as to Cox Communications. Briefing as to the remainder of this appeal from the final judgment will be reinstated in a separate order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

Supreme Court
OF
Nevada

(O) 1947A