An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC; WESTGATE RESORTS, LTD.; LIBERTY MUTUAL INSURANCE COMPANY; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; AND WESTCHESTER FIRE INSURANCE COMPANY, Appellants/Cross-Respondents, vs. TUTOR-SALIBA CORPORATION; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Respondents/Cross-Appellants. | No. 65130 |
| WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC; WESTGATE RESORTS, LTD.; LIBERTY MUTUAL INSURANCE COMPANY; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; AND WESTCHESTER FIRE INSURANCE COMPANY, Appellants, vs. TUTOR-SALIBA CORPORATION, Respondent. | No. 65675 ✓ |

FILED

NOV 2 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DISMISSING APPEAL IN DOCKET NO. 65675*

These are consolidated appeals and a cross-appeal from a district court judgment in a mechanic's lien action (Docket No. 65130) and from post-judgment orders granting stays of the judgment's enforcement

14-38355

(Docket No. 65675).[1]  Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Respondent has moved to dismiss the appeal from the post-judgment stay orders in Docket No. 65675, representing that that the stay orders in no way increase or diminish the parties' rights to receive their respective awards and thus arguing that the orders are not substantively appealable. *See* NRAP 3A(b)(8); *Gumm v. Mainor*, 118 Nev. 912, 59 P.3d 1220 (2002).[2]  We accept these assertions and thus conclude that we lack jurisdiction over the orders appealed in Docket No. 65675.  We direct the

---

[1]According to appellants' case appeal and docketing statements, Tutor-Saliba Corporation is the only respondent in Docket No. 65675; accordingly, the clerk of this court shall modify the caption of that docket to conform to the caption of this order.  Although it appears from the documents before this court that National Union Fire Insurance Company of Pittsburgh, PA and Travelers Casualty and Surety Company of America were dismissed from the action below after the original notices of appeal and cross-appeal were filed but before the amended notices were filed and are no longer proper respondents or appellants in Docket No. 65130, no party has filed an NRAP 42(b) motion or stipulation to voluntarily dismiss those parties from the appeal and cross-appeal in that docket.

[2]In *McCulloch v. Jeakins*, 99 Nev. 122, 123, 659 P.2d 302, 303 (1983), we considered supersedeas bond issues in a motion filed in the appeal from the final judgment. *See* NRCP 62(g); NRAP 8.

clerk to deconsolidate these appeals, grant respondent's motion, and dismiss the appeal in Docket No. 65675.[3]

It is so ORDERED.

_Pickering_____, J.
Pickering

_Parra_____, J.
Parraguirre

_Saitta_____, J.
Saitta

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
Ara H. Shirinian, Settlement Judge
Watt, Tieder, Hoffar & Fitzgerald, LLP
Gordon & Rees, LLP
McDonald Carano Wilson LLP/Las Vegas
Bremer Whyte Brown & O'Meara, LLP
Castle & Associates
Eighth District Court Clerk

---

[3]Appellants' November 3, 2014, motion to file an opening brief that exceeds the type-volume limitation by 2,194 words is granted. NRAP 32(a)(7)(D). Accordingly, the opening brief was properly filed. We defer ruling on appellants' November 3, 2014, motion requesting the transmission of certain original exhibits from the district court's electronic record. Respondent's November 6, 2014, motion for an additional 90 days in which to file and serve the answering/opening brief, which is opposed by appellants, is granted in part; accordingly, respondent's answering/opening brief is due by January 9, 2015.